**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Hezekiah COLE, Defendant-Appellant.**

**No. 72–1047.**

United States Court of Appeals,
Ninth Circuit.

Nov. 16, 1972.

Allen F. Ehle, Santa Rosa, Cal., for defendant-appellant.

James L. Browning, Jr., U. S. Atty., James H. Daffer, F. Steele Langford, Asst. U. S. Attys., San Francisco, Cal., for plaintiff-appellee.

Before HUFSTEDLER and TRASK, Circuit Judges, and ANDERSON,* District Judge.

PER CURIAM:

Appellant, Hezekiah Cole, was convicted of knowingly and willfully making and using a false writing as prohibited by 18 U.S.C. § 1001.

Cole was a civilian employee working at the cafeteria at Fort Ord, California. Under the authority of that position he allegedly forged the signature of the food manager on a requisition form and presented it to the food warehouse. He thereby obtained approximately one

* Honorable J. Blaine Anderson, United States District Judge, District of Idaho, sitting by designation.

thousand pounds of meat, none of which has ever been recovered by the United States.

Appellant raises the following claims on this appeal:

 1. That the evidence is insufficient to support the verdict. We find no merit to this claim. While it is true that much of the evidence was circumstantial, such is clearly sufficient. United States v. Nelson, 419 F.2d 1237 (9th Cir. 1969).

2. That the Government failed to prove all the essential elements of the offense; specifically, that there was no evidence to show that the forged signature was on the requisition form at the time it was presented to the one in charge at the food warehouse. There was no direct evidence one way or the other as to whether the form as presented contained the forged signature; nevertheless, the jury could reasonably infer from statements of the appellant such as the form was "not authorized", "no good", and "phony" that the forged signature was on the form when presented. Also, it should be noted that it is the duty of this Court to view the evidence to sustain the conviction in a light most favorable to the Government. United States v. Munns, 457 F.2d 271 (9th Cir. 1972).

3. That the forged signature was without legal significance in that the form didn't contain the requisite signature of the commissary officer, and was, therefore, not capable of influencing the one to whom it was submitted. The test of a violation of 18 U.S.C. § 1001 is clearly stated in the Ninth Circuit in Robles v. United States, 279 F.2d 401, 404 (9th Cir. 1960):

"Yet the test is not whether the instrument actually influenced or caused a department or agency of the United States to act, but rather 'whether the false statement has a natural tendency to influence, or was capable of influencing the decision of the tribunal making the determination required to be made.' Weinstock v. United States, supra, 231 F.2d at page 701."

It is clear from the evidence presented at trial, to wit: that Mr. Cole had at other times obtained supplies without a properly authenticated requisition form and that Mr. Cole was a long-time friend of those at the supply, that a jury could reasonably conclude that the requisition form, even though not properly filled out, was capable of influencing the one to whom it was presented.

Judgment affirmed.