**UNITED STATES of America, Plaintiff-Appellee,**

v.

**James L. CHAPMAN, Jr., Defendant-Appellant.**

**No. 78–1799.**

United States Court of Appeals, Ninth Circuit.

Feb. 26, 1979.

Robert S. Linnell, Asst. U. S. Atty. (argued), Yakima, Wash., for plaintiff-appellee.

G. William Baker (argued), of Fortier & Baker, Yakima, Wash., for defendant-appellant.

Before WRIGHT and ANDERSON, Circuit Judges, and TAKASUGI,* District Judge.

TAKASUGI, District Judge.

Chapman appeals a conviction under 15 U.S.C. § 1644(b)[1] for interstate transportation of a fraudulently obtained credit card. He had made several false statements on his Bankamericard credit application, statements which falsely enhanced his financial

---

* The Honorable Robert M. Takasugi, United States District Judge for the Central District of California, sitting by designation.

1. § 1644(b) provides, inter alia, as follows:
   "Whosoever, with unlawful or fraudulent intent, transports . . . in interstate . . commerce . . . or fraudulently obtained credit card knowing the same to be . . . fraudulently obtained . . . shall be fined . . . or imprisoned . . .."

status. Following the receipt of his credit card, Chapman made charges thereon but failed to make payments for the credit purchases.

During the trial, Chapman contended that the prosecution had the burden of proving not only that the statements made were material, but that there was *actual reliance* by the issuing company in reference to his misrepresentations. The trial court ruled that the giving of false statements was sufficient to support a violation of a § 1644(b) (rejecting Chapman's claim that reliance was an element of the Government's case) if the jury could reasonably conclude that such statements had a tendency to induce action or reliance by the issuing company.[2]

Chapman asserts that the district court erred. On appeal, this court is presented with the sole issue of whether proof of actual reliance is necessary to establish that a credit card was fraudulently obtained within the meaning of § 1644(b).

We note jurisdiction and affirm the judgment of conviction.

## *ACTUAL RELIANCE*

No cases construing § 1644(b) have addressed the question of whether the phrase "fraudulently obtained" necessitates proof of reliance.[3] Additionally, the legislative history and the language of § 1644(b) itself do not aid this court in resolving the issue. Analogous criminal provisions, however, have been construed in such a manner as to reject the element of actual reliance. This court has rejected the element of actual reliance in 18 U.S.C. § 1001 crimes (frauds perpetrated upon a department or agency

of the United States). *United States v. Talkington*, 589 F.2d 415 (9th Cir. 1978); *United States v. Goldfine*, 538 F.2d 815 (9th Cir. 1976); *United States v. Cole*, 469 F.2d 640 (9th Cir. 1972). Similarly, under 18 U.S.C. § 1010, no proof of actual reliance is necessary to support a conviction for false statements made to the Federal Housing Administration. *Henninger v. United States*, 350 F.2d 849 (10th Cir. 1965).

The general rule which can be ascertained from the construction of §§ 1010 and 1001, and which is equally applicable in the present case, is that criminal fraud requires only proof of a "tendency to induce reliance," rather than a showing of actual reliance.

In essence, Chapman argues that § 1644(b) incorporates the elements of civil fraud, including proof of actual reliance. It is reasonable, however, to distinguish between criminal and civil fraud because in civil fraud, reliance is necessary to show actual injury. Criminal law, on the other hand, does seek to deter and punish attempts; therefore, the success of the fraudulent scheme is irrelevant. It is unlikely that § 1644 was intended to be construed differently from other criminal fraud provisions.[4]

Judgment is affirmed.

---

2. Chapman asserts that the lower court erred in denying admission of a "telephone credit report" which tended to prove that the bank was aware that his credit application contained false statements and that the bank issued the card despite this knowledge. The trial court reasoned its denial on the basis of irrelevancy because proof of actual reliance was not an element of the government's case.

3. In *United States v. Kay*, 545 F.2d 491 (5th Cir. 1977), *reh. denied*, 553 F.2d 101 (5th Cir. 1977), *cert. denied*, 434 U.S. 833, 98 S.Ct. 119,

54 L.Ed.2d 94 (1977), it could be inferred from the absence of any discussion of reliance that proof of reliance was not required under § 1644(b).

4. Chapman argues that by use of the term "fraudulently obtained," in § 1644(b), Congress intended to incorporate the elements of civil fraud. The argument is without merit as he presents no legislative history to support his conclusion nor do the cases cited support it.