**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**William Tazwell EAST, Defendant-
Appellant.**

**No. 23435.**

United States Court of Appeals
Ninth Circuit.

Sept. 16, 1969.

Donald L. Ostrem (argued), and Leo Graybill, Jr., of Graybill, Graybill & Ostrem, Great Falls, Mont., for appellant.

Donald C. Robinson (argued), Asst. U. S. Atty., Moody Brickett, U. S. Atty., Robert O'Leary, Asst. U. S. Atty., Butte, Mont., for appellee.

Before JERTBERG, MERRILL and ELY, Circuit Judges.

JERTBERG, Circuit Judge:

Following trial to a jury, appellant was convicted on both counts of a two count indictment, each count charging a violation of 18 U.S.C. § 1001.[1]  He was sen-

---

1. 18 U.S.C. § 1001. Statements or entries generally

    "Whoever, in any matter within the jurisdiction of any department or agen-

cy of the United States knowingly and willfully falsifies, conceals or covers up by any trick, scheme, or device a material fact, or makes any false, fictitious

tenced to the custody of the Attorney General for a term of two years on each count, the sentences to run concurrently. Execution of the sentences, as to imprisonment, was suspended and the appellant was placed on probation for a term of two years under specified terms and conditions.

Appellant was, and for a number of years had been, a civilian employee of the United States Air Force whose permanent duty station was Mayville, North Dakota. In early October, 1966, his permanent duty station was changed to Conrad, Montana. This change necessitated the transportation of appellant, his family and his household goods from Mayville to Great Falls, Montana. Appellant accomplished this transfer between October 17 and October 25, 1966. Expenses to be incurred by appellant in accomplishing this change of duty station were reimbursable under United States Air Force Joint Travel Regulations.

In March 1967, appellant submitted a travel voucher to the Accounting and Finance Branch of the Air Force at Great Falls, Montana, in which he claimed:

(a) reimbursable expenses in the amount of $296.00 for temporary quarters in Great Falls, Montana, which consisted of $90.00 for rent of temporary quarters, $186.00 for meals, $10.00 for laundry and drycleaning, and $10.00 for tips incident to meals; and

(b) reimbursable expenses for the cost of transporting 8060 pounds of household goods from Mayville, North Dakota, to Great Falls, Montana. The amount of this claim does not appear in the record.

As part of the travel voucher appellant submitted three substantiating documents which formed the basis of the indictment.

The basis of the first count of the indictment is a receipt dated October 29, 1966, for rental paid by appellant to one, Kelly, for basement rooms in Great Falls, Montana. This receipt represents that appellant had incurred expenses of $90.00 for rental of rooms from October 18 to October 28, 1966.

The basis of the second count are two weigh slips dated October 15, 1966, issued by a grain elevator company in Mayville North Dakota. These weigh slips, attached as a part of the travel voucher, purported to represent the transportation in a pick-up truck and trailerhouse of 8060 pounds of household goods from Mayville, North Dakota, to Great Falls, Montana.

There is no dispute in the record that the receipt for room rent in the amount of $90.00 attached to the travel voucher was false and fictitious, and that no rooms were rented by appellant from Kelly, and appellant paid no rental to Kelly. In fact, there is no dispute in the record that appellant occupied quarters at the New Villa Motel in Great Falls, Montana, for seven nights during the period October 14 through October 25, inclusive, 1966, and paid rental in the amount of $56.00. It is also without dispute that the weigh slips of household goods, attached to the voucher, were false and fictitious. The goods had never been weighed by the elevator company at Mayville, but the weigh slips had been issued in February, 1967, at the request of appellant who asked that they be backdated and show net weights of 2040 pounds and 6020 pounds, respectively. In fact, there is no dispute that appellant's household furniture was transported in his mobile home from Mayville, North Dakota, to Great Falls, Montana, by a professional mover.

In his specification of errors, appellant contends that the district court erred:

1) "in refusing to grant Appellant's Motion to Dismiss Counts I and II of the Indictment, for the reason that said Counts I and II fail to charge an of-

or fraudulent statements or representations, or makes or uses any false writing or document knowing the same to contain any false, fictitious or fraudulent statement or entry, shall be fined not more than $10,000 or imprisoned not more than five years, or both."

fense under the provisions of 18 U.S.C. § 1001, in that the facts therein claimed to be fraudulent were, in fact, immaterial; * * *."

2) "in refusing to grant Appellant's Motions to Dismiss, re-offered at the close of Defendant's case, in that the Prosecution failed to prove the charges as to materiality as stated in the Indictment."

3) "in refusing to instruct the Jury with reference to specific intent, other than to mention 'specific intent', and in refusing to instruct the Jury in accordance with Appellant's proffered Instructions with regard to the definition of specific intent as applied to the charges as contained in the Indictment and the 'travel voucher' submitted by Appellant; whether it further constituted error to instruct the Jury that, 'now, in the statute which I have read to you, makes (sic) no provision for expedient receipts, * * *,' when in fact the term 'expedient receipts' had been used throughout the trial in a descriptive manner to support Defendant's proof of the absence of specific intent."

4) "in instructing the Jury as to three elements of the charged offense and refusing to instruct the Jury that a fourth element of the offense charged required that the false statement or representation to be material to a matter within the jurisdiction of the United States Air Force."

We consider first, and together, appellant's contentions under 1) and 2) above that the indictment fails to state an offense under 18 U.S.C. § 1001, and that the Government's proof was insufficient to sustain the conviction. Both contentions are grounded on the argument that the false statements contained in the spurious room rental receipt and weigh slips attached to the voucher presented to the Air Force for reimbursement of expenses, were not material to a matter within the jurisdiction of the Air Force.

The law is well-settled in this Circuit that materiality of the falsification is an essential element of the offenses defined in 18 U.S.C. § 1001. Brandow v. United States, 268 F.2d 559 (9th Cir. 1959); Paritem Singh Poonian v. United States, 294 F.2d 74 (9th Cir. 1961). See also Gonzales v. United States, 286 F.2d 118 (10th Cir. 1960).

The courts appear to be in general agreement that the test for determining the materiality of the falsification is whether the falsification is calculated to induce action or reliance by an agency of the United States,—is it one that could affect or influence the exercise of governmental functions,—does it have a natural tendency to influence or is it capable of influencing agency decision? Freidus v. United States, 96 U.S.App.D.C. 133, 223 F.2d 598, 601 (1955); Weinstock v. United States, 97 U.S.App.D.C. 365, 231 F.2d 699, 701 (1956); United States v. Quirk, 167 F.Supp. 462 at 464 (E.D.Pa.) aff'd 266 F.2d 26 (3d Cir. 1959); Brandow v. United States, *supra;* Gonzales v. United States, *supra,* 286 F.2d at 122.

Applying the test for materiality to this case, we have no difficulty in holding that the falsifications appearing in the indictment, and in the Government's proof, were material to a matter within the jurisdiction of the Air Force. The district judge did not err in refusing to dismiss the indictment.

We now consider appellant's contention under 3) above. Appellant complains the district court erred in its instruction on "specific intent" and in refusing to instruct on that subject in accordance with instructions proffered by the appellant. Appellant has failed to include the "proffered" instructions as a part of the record before us. Hence, we are unable to compare the proffered instructions with the instructions given. The court did instruct at some length on the subject of intent, and called to the attention of the jury that specific intent had to be proved in the instant case

beyond all reasonable doubt. He instructed the jury on the definitive elements of the terms "wilfully" and "knowingly". We find no prejudicial error in the instructions given.

■ Appellant also contends that the court erred when it instructed the jury:

"Now, in the statute which I have read to you makes (sic) no provision for expedient receipts, and it does require that the documents which are filed be not false or fictitious."

Appellant contends that such instruction:

"[I]nstructs the jury to disregard the testimony of the defendant concerning his reasons for filing the receipts as were submitted with the voucher."

We do not agree, and we are unable to see any error in the instruction.

Under 4) above, appellant complains that the district court erred in:

"failing and refusing to instruct the jury that materiality of the falsification to a matter within the jurisdiction of the Air Force is an essential element of the offenses set forth in 18 U.S.C. § 1001."

The court instructed the jury:

"It is necessary in the proof of this case for the government to prove beyond a reasonable doubt the following things in support of counts one and two of the indictment: One, that the travel voucher and the documents attached to it, treating the travel voucher and all of those documents as one instrument, was false in some particular as alleged in the indictment. In this connection, it is not necessary for the the (sic) government to prove that the defendant prepared the travel documents or the vouchers attached to it, if the defendant used that travel voucher and those documents.

"Second, it is required to be proved beyond a reasonable doubt that the defendant knew it was false; that is, the travel voucher or the attached documents.

"Three, that the defendant knowing it to be false presented it to an agency of the United States intending that it be acted upon.

"So, there basically are the three elements of this offense: The falsity, the knowledge of the falsity, and the presentation of the document to an agency of the United States."

Following the giving of such instruction, and before the jury retired to consider its verdict, counsel for appellant stated his objection to such instruction, and the grounds of the objection, as follows:

"Five, the layout of the elements of the offense included only three, and are inadequate under the Marchisio case in the 9th Circuit which has four elements and, more clearly lays out the elements that we think are proper under this case.

THE COURT: What is the elements (sic) that you are referring to, Mr. Graybill, the materiality?

MR. GRAYBILL: It is a form of materiality, yes.

Also, the Poonian case which is the 9th Circuit case, that spells them out, or spells out the materiality. The Marchisio case spells out the four elements instead of three, and the Poonian case is the 9th Circuit case on materiality."

Earlier in this opinion we stated that in this Circuit materiality of the falsification is an essential element of the offenses defined in 18 U.S.C. § 1001, citing Brandow v. United States, *supra;* and Paritem Singh Poonian v. United States, *supra.*

In Paritem Singh Poonian v. United States, *supra*, this Court stated 294 F.2d at p. 75:

"We must first consider the relationship, if any, between the statute and

the concept of 'materiality,' i. e., whether the falsification must be 'material.' With respect to 18 U.S.C. § 1001, this Court at one time indicated, but did not hold, that materiality is not an essential element of the crime of making a false statement, as distinguished from the crime of concealing a fact. Fisher v. United States, 9 Cir., 1956, 231 F.2d 99, 102. However, in Brandow v. United States, 9 Cir., 1959, 268 F.2d 559, 565, we recognized that 'this requirement of materiality has been described as essential [to the entire statute] by the greater weight of authority, and for the purposes of this case, we approve and follow such majority rule.' No good reason suggests itself why our position in Brandow, supra, should be limited to that case. Accordingly, we hold that materiality is an essential element of the crime of making a false statement; i. e., in order to gain a conviction under 18 U.S.C. § 1001, the government must prove that the false statement was 'material' as that term has been defined in the case law."

In appellee's brief at page 21, appears the following statement:

"[F]or the purposes of this appeal the United States will concur in Appellant's contention that the rule is that the Government must allege and prove the materiality of the false statement submitted to the Government. Brandow v. United States, 268 F.2d 559 (9th Cir. 1959)."

▮ The court then did not fully or accurately inform the jury as to the elements of the offenses charged in the indictment. No prejudice resulted, however, since under the circumstances of this case the materiality of the representations was established as a matter of law.

The judgment appealed from is affirmed.