UNITED STATES of America, Appellee,

v.

Earl G. TALKINGTON, Appellant.

No. 77-3165.

United States Court of Appeals, Ninth Circuit.

Oct. 4, 1978.

As Modified on Denial of Rehearing Feb. 7, 1979.

Harrison W. Hertzberg (argued), of Hertzberg, Kaplan & Koslow, Los Angeles, Cal., for appellant.

Juan P. Robertson, Asst. U. S. Atty. (argued), Los Angeles, Cal., for appellee.

Before ELY and GOODWIN, Circuit Judges, and PALMIERI *, District Judge.

PER CURIAM:

Earl Talkington appeals from his conviction of making false statements to the Interstate Commerce Commission in violation of 18 U.S.C. § 1001. The indictment charged in a single count that Talkington had made seven false statements on a form filed with the ICC.

ICC form BOp 102 is part of a regulatory scheme which exempts agricultural cooperative associations from the licensing requirements imposed on most contract carriers. 49 U.S.C. § 303(b)(5). Under the present version of Section 203(b)(5) of the Interstate Commerce Act, 49 U.S.C. § 303(b)(5), a cooperative association must perform no more than 15 per cent of its total interstate transportation in any fiscal year for nonmembers who are not farmers, cooperative associations, or federations of cooperative associations. Section 203(b)(5) and the ac-

companying ICC regulations require cooperative associations to file form BOp 102 to notify the ICC of their intent to perform interstate transportation for nonmembers prior to the commencement of such transportation. 49 C.F.R. § 1047.23 (1977).

In June of 1974, Talkington filed a form BOp 102 on behalf of Patio Farm Lines, Inc. The government presented evidence to show that the following five statements on the form were false:

1. That Patio Farm Lines was a cooperative association as defined in the Agricultural Marketing Act, 12 U.S.C. § 1141j.

2. That the primary business of Patio was the transportation of the products of its members.

3. That Donald Bonnes was a director of Patio.

4. That Robert Cope was a director of Patio.

5. That Robert Cope was a farmer.

The government presented no evidence on the falsity of the two other statements listed in the indictment, and the jury was instructed to disregard them.

Talkington argues that the government failed to prove the materiality of the five statements set out above.

■ Materiality is an essential element of the offenses defined in 18 U.S.C. § 1001. *United States v. Deep*, 497 F.2d 1316, 1321 (9th Cir. 1974) (en banc); *United States v. East*, 416 F.2d 351, 353 (9th Cir. 1969).

In *East* the court held:

" * * * [T]he test for determining the materiality of the falsification is whether the falsification is calculated to induce action or reliance by an agency of the United States,—is it one that could affect or influence the exercise of governmental functions,—does it have a natural tendency to influence or is it capable of influencing agency decision? * * * " 416 F.2d at 353.

---

* The Honorable Edmund L. Palmieri, United States District Judge for the Southern District of New York, sitting by designation.

Proof of actual reliance is not required, *United States v. Goldfine*, 538 F.2d 815, 820–21 (9th Cir. 1976); *United States v. Cole*, 469 F.2d 640, 641 (9th Cir. 1972), but the government bears the burden of proving that the statement is capable of influencing agency decision. *See United States v. Beer*, 518 F.2d 168, 171–72 (5th Cir. 1975).

■ During the trial in this case, the government called as a witness Lewis Teeple, the Assistant Director of the ICC Bureau of Investigation and Enforcement. Teeple stated that the ICC conducts an investigation to verify the statements on every form BOp 102 filed with the ICC. Talkington argues that Teeple's testimony shows that the ICC does not rely on statements made on form BOp 102's and that the five statements in question were therefore not "capable of influencing agency decision". This is a misunderstanding of the test.

The five statements listed in the indictment were not all immaterial under the test stated in *United States v. East*. The government presented sufficient evidence of the materiality of the first two statements that Patio was a cooperative association as defined in the Agricultural Marketing Act, and that Patio's primary business was the transportation of members' products.

The first two statements constituted a claim that Patio was entitled to the Section 203(b)(5) exemption for agricultural cooperatives. While the ICC does not have the power to grant or deny this exemption, a cooperative association may not perform interstate transportation for nonmembers unless it has filed a form BOp 102 in which it certifies that it qualifies for the exemption.

Teeple testified that when a form BOp 102 is filed with the ICC, the ICC checks it for completeness and begins its investigation of the carrier. If the form is complete, the ICC forwards copies of the form to the ICC regional offices and certain agencies of the states through which the carrier plans to pass. Once these state agencies receive the copies of the form from the ICC, the carrier is allowed to operate in those states without registering an ICC certificate of public convenience and necessity. The ICC therefore "relies" on the claim of exemption in the form by taking action which enables the carrier to engage in business at least until the ICC investigation is complete.

When an investigation shows that a carrier is not a bona fide cooperative association, the ICC may seek to enjoin further interstate transportation by that carrier. *See, e. g., I. C. C. v. KSI Farm Lines Co-Op, Inc.*, 407 F.Supp. 145 (E.D.Wis.1976). The history of this case reveals that Patio operated for more than a year before the ICC took action to stop further operations by Patio. Thus, by filing a form BOp 102 which contained a false claim of exemption, Talkington induced action by the ICC and affected the exercise of governmental functions.

However, there was no evidence that any of the other three statements, when considered separately, were capable of affecting the exercise of governmental functions. Teeple testified that there was no requirement that directors of exempt cooperatives be farmers, and there was insufficient evidence to establish what, if any, material effect a misrepresentation of a director's occupation would have. Similarly, the evidence was not substantial enough to prove that lying about the names of directors would affect ICC functions. Thus, the government failed to sustain its burden of proof on the factual question of materiality.

The government's failure to prove the materiality of three of the charged statements required the court to segregate them from the case submitted to the jury. Instead, the court instructed the jury that it could return a verdict of guilty on the indictment if it found that Talkington was guilty of making any one of the false statements listed in the indictment.

The one-is-enough charge to the jury makes it impossible for this court to affirm the conviction. The record does not indicate which statement or statements formed the basis for the jury's guilty verdict. Since it is just as possible that the jury found Talkington guilty of making a false

statement which was not material as that it found him guilty of falsifying a material statement, the conviction is fatally defective. *Cf. United States v. Carman*, 577 F.2d 556, 566–68 (9th Cir. 1978).

Reversed and remanded.