Lonnie Lee ROBBINS,
Petitioner-Appellant,

v.

Harold J. CARDWELL, Warden, Arizona State Prison, Respondent-Appellee.

No. 79–2518.

United States Court of Appeals,
Ninth Circuit.

May 9, 1980.

Terry J. Adams, Phoenix, Ariz., for petitioner-appellant.

Gerald R. Grant, Asst. Atty. Gen., Phoenix, Ariz., for respondent-appellee.

Before KENNEDY and FLETCHER, Circuit Judges, and THOMPSON,* District Judge.

KENNEDY, Circuit Judge:

Arizona permits imposition of sanctions on a criminal defendant for failure to comply with rules requiring notice to the prosecution of certain defenses and the names of witnesses. *See* Ariz.R.Crim.P. 15.7.[1] The more extreme sanctions include striking a defense and prohibiting testimony by a defense witness or the accused himself. *See* Ariz.R.Crim.P. 15.7(a)(4). The issue whether these sanctions can be applied for breach of Ariz.R.Crim.P. 15.2 without offending the confrontation clause of the sixth amendment and the right to present a defense which is implicit in the sixth amendment is a constitutional question of importance to the administration of criminal justice. This question was expressly reserved by the Supreme Court in *Wardius v. Oregon*, 412 U.S. 470, 472 n.4, 93 S.Ct. 2208, 2211, 37 L.Ed.2d 82 (1973). *See* Note, *The Preclusion Sanction—A Violation of the Constitutional Right to Present a Defense*, 81 Yale L.J. 1342 (1972). We reject the argument that this issue is presented for our determination on the record in this case.

On this appeal from denial of habeas corpus relief, appellant contends his Arizona rape conviction under Ariz.Rev.Stat. §§ 13–611, 13–614 was improper because the state trial court entered an order prohibiting testimony by a witness in support of a defense based on consent. The defendant had not given timely notice either of the defense or the name of the witness as required by Ariz.R.Crim.P. 15.2(b).[2] The defense stated that the witness would testify that the defendant and the victim had conversed together in a bar on various occasions before the night when the rape occurred and that the victim had been attracted to the defendant.

Subsequent proceedings in the case were such that the ruling which prohibited calling the witness was irrelevant to any rights the defendant sought to exercise. To begin with, the appellant argues that the purpose of the testimony would have been to corroborate the testimony which would have been given by the defendant. After the ruling in question, however, the defendant waived jury trial and waived the right to testify himself. He allowed the question of his guilt or innocence to be determined based

---

* Honorable Gordon Thompson, Jr., United States District Judge for the Southern District of California, sitting by designation.

1. The Rule provided at the time of trial in this case:

    If at any time during the course of the proceeding it is brought to the attention of the court that a party has failed to comply with any provisions of this rule or any order issued pursuant thereto, the court may impose any sanction which it finds just under the circumstances, including, but not limited to:
    a. Ordering disclosure of the information not previously disclosed.
    b. Granting a continuance.
    c. Holding a witness, party, or counsel in contempt.
    d. Precluding a party from calling a witness, offering evidence, or raising a defense not disclosed; and

    e. Declaring a mistrial when necessary to prevent a miscarriage of justice.
    These provisions were carried forward in the 1975 amendments to the Rules.

2. Ariz.R.Crim.P. 15.2(b) provides:

    Within 20 days after the arraignment in Superior Court, the defendant shall provide the prosecutor with a written notice specifying all defenses as to which he will introduce evidence at trial, including, but not limited to, alibi, insanity, self-defense, entrapment, impotency, marriage, insufficiency of a prior conviction, mistaken identity, and good character. The notice shall specify for each defense the persons, including the defendant himself, whom he will call as witnesses at trial in support thereof. It may be signed by either the defendant or his counsel, and shall be filed with the court.

on the testimony given at the preliminary hearing. In these circumstances the preclusion of the witness' testimony had no effect on the course of the proceedings or the outcome of the case.[3] The defendant does not contend on appeal that the decision to waive trial was affected by the ruling and any such claim would be blunted by: (1) the absence of a showing that the witness was available; (2) the fact that the defense counsel himself suggested that prohibition of the witness' testimony was an appropriate sanction; (3) the fact that there was an interval of five days from the date of the ruling until commencement of trial during which defense counsel made no effort to locate or interview the witness in order to bolster the claim that the testimony would be helpful; and (4) the fact that the testimony, even if it could have been produced, in large part would have reiterated what the victim herself had already acknowledged at the preliminary hearing.

The claim that the defendant was chilled in the exercise of his fifth amendment rights by discussion of contempt sanctions were he to testify himself is unavailing in view of the defendant's subsequent and explicit waiver of the right to testify. The court closely questioned the defendant to determine that the waiver was knowing and voluntary before accepting the stipulation to try the case on the record of the preliminary examination. *Cf. United States v. Cook*, 608 F.2d 1175, 1186 (9th Cir. 1979) (en banc), *cert. denied*, —— U.S. ——, 100 S.Ct. 706, 62 L.Ed.2d 670 (1980) (to preserve issue on appeal, defendant must establish that he would take stand in absence of challenged ruling).

We reiterate that imposition of the extreme sanctions contained in the Arizona rules would present important questions of constitutional dimensions if raised in a proper case,[4] but this case does not raise such issues.

AFFIRMED.

---

**3.** This is true even upon the assumption that only a minimal showing of prejudice is required when confrontation has been denied. *United States v. Valdez*, 594 F.2d 725 (9th Cir. 1979).

**4.** One such question would be whether a defendant could be subject to sanctions absent any showing that he had been advised of the rules and instructed to cooperate with counsel in complying with them.