UNITED STATES of America, Appellee,

v.

Kenneth ADLER, Appellant.

No. 79–1871.

United States Court of Appeals,
Eighth Circuit.

Submitted March 11, 1980.

Decided June 20, 1980.

**1288**

James R. Wyrsch, Kansas City, Mo., for appellant; Frank P. Barker, III, and Richard L. Sonnich, Barker, Rubin & Sonnich, Kansas City, Mo., on brief.

Robert E. Larsen, Asst. U. S. Atty., Kansas City, Mo., for appellee; Ronald S. Reed, Jr., U. S. Atty., Kansas City, Mo., on brief.

Before BRIGHT, ROSS and McMILLIAN, Circuit Judges.

McMILLIAN, Circuit Judge.

Appellant Kenneth Adler, D.O., an osteopathic physician, was convicted after a jury trial in federal district court[1] of fourteen counts of willfully and knowingly making false statements on claims submitted under the medicaid and medicare programs in violation of 18 U.S.C. § 1001,[2] and four counts of willfully and knowingly making false claims under the same in violation of 18 U.S.C. § 287.[3] Appellant now challenges his conviction on numerous grounds, including failure of the indictment to charge an offense, failure of the government to introduce sufficient evidence to make a submissible case, prejudicial failure by the trial court to give instructions requested by appellant and refusal of the trial court to

---

1. The Honorable John W. Oliver, Chief Judge, United States District Court for the Western District of Missouri.

2. 18 U.S.C. § 1001 provides:
 § 1001. Statements or entries generally
 Whoever, in any matter within the jurisdiction of any department or agency of the United States knowingly and willfully falsifies, conceals or covers up by any trick, scheme, or device a material fact, or makes any false, fictitious or fraudulent statements or representations, or makes or uses any false writing or document knowing the same to contain any false, fictitious or fraudulent statement or entry, shall be fined not more than

$10,000 or imprisoned not more than five years, or both.

3. 18 U.S.C. § 287 provides:
 § 287. False, fictitious or fraudulent claims
 Whoever makes or presents to any person or officer in the civil, military, or naval service of the United States, or to any department or agency thereof, any claim upon or against the United States, or any department or agency thereof, knowing such claim to be false, fictitious, or fraudulent, shall be fined not more than $10,000 or imprisoned not more than five years, or both.

grant a new trial. Finding no prejudicial error, we affirm.

■ The government's case involved evidence of the falseness of seventeen claim forms submitted by appellant for payment under the federal medicare and medicaid programs. Each count of the indictment charged the falsehood of a single claim form, which contained one or more items submitted for payment such as office visits, injections, laboratory fees, and the like. The government's evidence also included: other written records kept in appellant's office, such as records of patient accounts, which did not show items submitted on the seventeen claim forms in question; direct testimony by some of the patients that they had not received the treatment listed as an item on the claim forms or that they had not been at appellant's office on the date when the treatment had allegedly taken place; and admissions by appellant that he may have billed for telephone calls as office visits. Appellant introduced some evidence that the services may have been performed by appellant or another physician and properly billed by appellant. In reviewing appellant's claims that the verdict was not supported by the evidence, however, we view the evidence in the light most favorable to the verdict. *See, e.g., United States v. Lanier,* 578 F.2d 1246, 1249 (8th Cir.), *cert. denied,* 439 U.S. 856, 99 S.Ct. 169, 58 L.Ed.2d 163 (1978).

■ The documentary and testimonial evidence would support a finding that the claims were false and were submitted with knowledge of their falsehood and intent to defraud the government. For example, it was not seriously disputed by appellant that he did not have office hours or normally see patients on Fridays. Nevertheless, he billed certain Friday office visits by his patients; he claimed at trial that the patients may have seen other doctors with adjacent offices in the clinic where he practiced. According to the testimony of appellant and the assistant who kept records in his office, the treating physician would have left a note detailing services rendered for appellant's assistant to record the next Monday.

Yet the records showed that none of the items in question in the indictment were in fact recorded in this way, and, instead, that on some occasions appellant submitted claims to the government for the Friday office visits on the very day of the visit. The requisite intent to make false statements and knowledge of falsehood may be inferred from such circumstances. *See United States v. Gilbertson,* 588 F.2d 584, 587 (8th Cir. 1978).

■ Appellant raises a number of issues relating to the question of the falsehood of the claims he submitted. First, he argues that the indictment alleges only that he failed to provide services in his office, not that he failed to provide the services at all. Nor, argues appellant, did the government prove that the services may not have been provided, for example, by telephone or at another office in the clinic. Therefore, appellant maintains, the statements could be interpreted to be ambiguous, and the government had the burden of negativing any reasonable interpretation that would make the statements true. Assuming arguendo that the claims made by appellant for "office visits" and "injections" were ambiguous, it is true that the government had the burden to allege and prove that the statements were false under any reasonable interpretation. *United States v. Anderson,* 579 F.2d 455 (8th Cir.), *cert. denied,* 439 U.S. 980, 99 S.Ct. 567, 58 L.Ed.2d 651 (1978); *United States v. Steinhilber,* 484 F.2d 386 (8th Cir. 1973).

■ However, the government adequately alleged that no services were provided and introduced sufficient evidence that would support a jury finding against appellant. The indictment states as to counts one to thirteen the "in-office services were not rendered by the [appellant] as designated in the claim forms," and as to counts fourteen through seventeen the "services were not furnished by him." This language was sufficient to put him on notice of the nature of the charges against him; therefore the challenge to the sufficiency of the indictment in this regard must fail. *United States v. Cartano,* 534 F.2d 788

(8th Cir.), *cert. denied,* 429 U.S. 843, 97 S.Ct. 121, 50 L.Ed.2d 113 (1976). *See also United States v. Guthartz,* 573 F.2d 225 (5th Cir.), *cert. denied,* 439 U.S. 864, 99 S.Ct. 187, 58 L.Ed.2d 173 (1978); *United States v. Radetsky,* 535 F.2d 556, 561–65 (10th Cir.), *cert. denied,* 429 U.S. 820, 97 S.Ct. 68, 50 L.Ed.2d 81 (1976). The government introduced sufficient evidence—direct testimony as well as discrepancies in records—to support a jury finding that the services had not been provided. *Cf. United States v. Mekjian,* 505 F.2d 1320, 1328–29 (5th Cir. 1975) (discrepancies in records sufficient to support finding of false statement). The jury was entitled to find that a bill for an office visit and injection was a false statement if all that actually occurred was a telephone call from the patient to appellant.

Appellant also urges that it was error for the trial court to refuse to give instructions to the jury to the effect that appellant's claims, if "literally true," could not support conviction and that the government had the burden to demonstrate beyond a reasonable doubt that an ambiguous claim was false under any reasonable interpretation. The trial court refused to give these instructions but did instruct as to appellant's theory that "he performed or reasonably believed he or someone acting at his direction or on his behalf performed the services for which claims were made which are the subject of this indictment." Thus, the jury was instructed in substance concerning appellant's theory of the case, *i.e.,* that the claims were "literally true" or at least that he believed them to be true.[4] *United States v. Brown,* 540 F.2d 364, 380 (8th Cir. 1976). *See also United States v. Plesons,* 560 F.2d 890, 895–97 (8th Cir.), *cert. denied,* 434 U.S. 966, 98 S.Ct. 506, 54 L.Ed.2d 452 (1977).

Appellant argues as well that, if the government proved a case of failure to provide any services listed in appellant's medic-aid and medicare claims, such proof would have been at variance from the allegations in the complaint, which appellant views as stating only that the services were not provided at appellant's office. However, as the above discussion shows, we do not read the indictment so narrowly, but rather interpret it to allege that the services billed for were not provided. The indictment was sufficient to put appellant on notice. No material variance has been shown. *Cf. United States v. Jones,* 587 F.2d 802, 806 (5th Cir. 1979) (per curiam).

■ Appellant contends also that a number of the counts of the indictment were duplicitous. Each count in question involves only one claim form, but the government contended some forms contained two or more false items submitted for payment. Nevertheless, the government charged only one crime in each count of the indictment. There may be more than one piece of evidence to support each count, but that certainly does not make the counts duplicitous. *See generally United States v. Warner,* 428 F.2d 730 (8th Cir.), *cert. denied,* 400 U.S. 930, 91 S.Ct. 194, 27 L.Ed.2d 191 (1970); 1 C. Wright, Federal Practice & Procedure § 142 (1969).

■ Appellant argues also that the indictment should be dismissed because brought under the general provisions of 18 U.S.C. § 1001 and 18 U.S.C. § 287 prohibiting false statements and false claims to the government, instead of the specific provisions of 42 U.S.C. § 1395nn, specifically covering medicare fraud. This contention was disposed of in *United States v. Gordon,* 548 F.2d 743 (8th Cir. 1977), and we decline appellant's invitation to overrule that case. *See also United States v. Batchelder,* 442 U.S. 114, 99 S.Ct. 2198, 60 L.Ed.2d 755 (1979).

---

4. Moreover, the court instructed the jury specifically that there was no regulation specifying how the claim forms should be filled out. The claim forms used by appellant to bill for services were printed with instructions that telephone consultations would not be compensable. The court also instructed the jury, "Com-pletion of any of the claim forms in a manner which you may find to have been inconsistent with any instruction on the back of such forms does not, standing alone, establish that the defendant acted with criminal intent." The trial court's instructions were responsive to appellant's theory of the case.

Questions somewhat more difficult are raised by appellant's attack on the trial court's handling of the issue of whether the false statements in this case were material.[5] Although 28 U.S.C. § 1001 on its face does not limit its coverage to those false statements which are material, it has been well established that materiality of the statement is an element of a violation of 18 U.S.C. § 1001. *United States v. Voorhees,* 593 F.2d 346 (8th Cir.), *cert. denied,* 441 U.S. 936, 99 S.Ct. 2061, 60 L.Ed.2d 665 (1979); *United States v. Gilbertson,* 588 F.2d 584 (8th Cir. 1978); *United States v. Jones,* 464 F.2d 1118 (8th Cir. 1972), *cert. denied,* 409 U.S. 1111, 93 S.Ct. 920, 34 L.Ed.2d 692 (1973). "[T]he test for determining the materiality of the falsification is whether the falsification is calculated to induce action or reliance by an agency of the United States,—is it one that could affect or influence the exercise of government functions,—does it have a natural tendency to influence or is it capable of influencing agency decision?" *United States v. East,* 416 F.2d 351, 353 (9th Cir. 1969).

To establish materiality in this case, asserts appellant, the government must prove that the services for which appellant claimed reimbursement were indeed compensable under the medicaid or medicare programs. Appellant finds support for this position in *United States v. Radetsky, supra,* 535 F.2d at 571–74. In *Radetsky* a physician billed the government for services that were not compensable under the medicare regulations. Even if the physician had not provided the services, a panel of the Tenth Circuit held, the claims for reimbursement were not material and the statute was not violated. We decline, however, to follow this reasoning, which interprets the materiality requirement to mean that the false statement must be sufficient to induce rightful payment of the claim. The approach suggested by appellant would open the door for the most gross abuses of federally funded programs, because it would remove the criminal fraud sanction from the most egregious cases of false claims. One would need only to find a reimbursement program with lax oversight and submit reimbursement claims for activities not performed but also not covered by the program. Whatever claims slipped through would be beyond the reach of the false claims statutes. We do not think Congress intended such a result in enacting a sweeping prohibition on false and fraudulent statements under 18 U.S.C. § 1001.

Rather, we think that a statement is material if it has a tendency to induce the government to act, and that this requirement is certainly satisfied by a statement that is adequate to induce the agency to make a decision whether or not to pay. What makes a statement material is that it is required to put the claimant in a position to receive government benefits, whether rightfully or wrongfully. *See United States v. Voorhees, supra,* 593 F.2d at 349–50; *United States v. Johnson,* 284 F.Supp. 273, 280–81 (W.D.Mo.1968), *aff'd,* 410 F.2d 38 (8th Cir.), *cert. denied,* 396 U.S. 822, 90 S.Ct. 63, 24 L.Ed.2d 72 (1969). The statement that certain services were rendered is clearly an essential part of a claim submitted to the government for reimbursement of those services, and such a statement would obviously tend to induce government action on the claim for reimbursement. *Cf. United States v. Talkington,* 589 F.2d 415, 417 (9th Cir. 1978) (statement in a claim for government funds was not material, where the information provided in the statement had no effect one way or the other on the processing of the claim). To submit for reimbursement a claim based on a service which was not performed is therefore a material misstatement under the statute. As appellant stipulated that he did submit for payment by the government the claims that were the subject of the charges against him, he has in effect admit-

---

**5.** Neither appellant nor the government distinguishes between 18 U.S.C. § 1001 and 18 U.S.C. § 287 as far as the requirement of a showing that the false claim or false statement involved is material. Accordingly, we treat materiality as an essential element of both statutes. We see no reason to treat the statutes differently.

ted the materiality of the allegedly false statements.[6]

 Finally, appellant argues that the trial court erroneously instructed the jury that materiality had been found as a matter of law. Appellant argues that the materiality issue should have been submitted to the jury. The position in this circuit, however, is that the question of the materiality of an allegedly false statement or representation in the context of a 18 U.S.C. § 1001 prosecution is one of law. *United States v. Hicks*, 619 F.2d 752, at 758 (8th Cir. 1980), *citing United States v. Jones, supra*, 464 F.2d at 1124; *accord, United States v. Schaffer*, 600 F.2d 1120, 1123 (5th Cir. 1979). *But cf. United States v. Valdez*, 594 F.2d 725, 729 (9th Cir. 1979) (materiality is a question for the jury, but on the record in the case failure to submit the question to

the jury was harmless error); *United States v. Voorhees, supra*, 593 F.2d at 349 (approving instruction that left question of materiality to the jury);[7] *United States v. Johnson, supra*, 410 F.2d at 46 (materiality submitted to jury in 18 U.S.C. § 287 prosecution; *see* note 5 *supra*).[8]

We have reviewed appellant's other contentions and find them to be without merit. Accordingly, the judgment of the trial court is affirmed.

---

6. Appellant also appears to contend that the indictment is defective on counts fourteen to seventeen for failure to use the word "materiality" in charging him under 18 U.S.C. § 287. However, sufficient facts are alleged to establish materiality and the indictment was not defective in this regard. *United States v. McGough*, 510 F.2d 598 (5th Cir. 1975); *Dear Wing Jung v. United States*, 312 F.2d 73 (9th Cir. 1962).

7. The court instructed the jury:

A writing or document is materially false if such writing has a natural tendency to influence *or is capable of influencing the decision* of the government agency making the determination required in the matter. If you find beyond a reasonable doubt that the writing or document made or used by the defendant was false or fraudulent and that the document had a natural tendency to influence or was capable of influencing the agency to which it was submitted to pay money to the defendant *on the basis of such writing, then* you should find that the false writing or document was material.

*United States v. Voorhees*, No. CR 77–30070–01 (S.D.Iowa Mar. 10, 1978), *aff'd*, 593 F.2d 346 (8th Cir.), *cert. denied*, 411 U.S. 936, 99 S.Ct. 2061, 60 L.Ed.2d 665 (1979).

8. In my view, the better practice is to submit the materiality issue in this kind of fraud case to the jury. "Since it is an essential element, materiality, as with all of the other elements of the offense charged, must be determined by the jury." *United States v. Valdez, supra*, 594 F.2d at 729. Even where a compelling factual showing of materiality has been made, I think it would be preferable to submit the materiality

question to the jury, with proper instructions. In this case, however, appellant has in effect admitted the materiality of the false statements and claims; there was no real question of fact concerning the tendency of the false statements or claims to induce the government to act. Thus, even if held erroneous, the failure to submit the materiality issue to the jury in this case would be harmless beyond a reasonable doubt.

The government relies on *Brethauer v. United States*, 333 F.2d 302 (8th Cir. 1964), for the proposition that materiality should be decided by the trial judge, not the jury. However, that case was tried to a judge without a jury and therefore does not stand for the proposition advanced. Moreover, the appellate court evaluated the finding of materiality under the "clearly erroneous" standard, *id.* at 306, thereby implying that materiality is a question of fact which would be for the jury.

The government also relies on *Sinclair v. United States*, 279 U.S. 263, 40 S.Ct. 268, 73 L.Ed. 692 (1929), a case involving testimony before a congressional committee. The issue was whether the testimony was "material" to the committee's inquiry. That question was akin to the relevancy of evidence in a legal proceeding, a matter specifically in the competence of the judge. The question of materiality in a fraud-type case like this proceeding is the factual tendency of the alleged fraud to induce action by the government, a question quite different than the relevancy of evidence in a legal proceeding. Therefore we do not find the *Sinclair* case controlling here.

Judges Bright and Ross do not join in the comments made in this note 8.