949 F.2d 399
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Lillian Ruth COX aka Lillian Piliere, Defendant-Appellant.
 No. 90-50475.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Nov. 8, 1991.
Decided Dec. 5, 1991.
 
 Before SNEED, BEEZER and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Lillian Ruth Cox, also known as Lillian Piliere, appeals her conviction for making false statements to the Social Security Administration in violation of 18 U.S.C. § 1001. Appellant contends that the evidence adduced at trial was insufficient to establish that the false statements for which she was convicted were material. Appellant also contends that she had no legal duty to make truthful statements to the agency regarding her employment status. We have jurisdiction pursuant to 28 U.S.C. § 1291 and we affirm.
 
 
 3
 * On June 8, 1937, appellant, using the name Lillian Ruth Cox, applied for and was assigned Social Security number wxq-ab-ovxd On December 17, 1958, appellant applied for and received a second Social Security number, itw-mx-ruct using the name Lillian Piliere.
 
 
 4
 On September 28, 1972, appellant, using the name Lillian Ruth Cox, applied for and began receiving Social Security disability benefits. While collecting disability benefits under the name Lillian Ruth Cox, appellant worked from January 1976 through December 1984 using the name Lillian Piliere.
 
 
 5
 In 1985, appellant, using the name Lillian Ruth Cox, applied for and began receiving Social Security retirement benefits. At that time she denied being employed from 1976 through 1984. In 1986, appellant filed a second application for retirement benefits, this time using the name Lillian Piliere, in which she denied ever having filed an application for Social Security benefits.
 
 II
 
 6
 Section 1001 prohibits the making of false representations of material fact to a government agency regarding a matter within the agency's discretion. United States v. Vaughn, 797 F.2d 1485, 1490 (9th Cir.1986). For purposes of the statute, a statement is material if it has the propensity to influence agency action. Actual influence is not an element of the crime. United States v. Valdez, 594 F.2d 725, 728-29 (9th Cir.1979).
 
 
 7
 Appellant does not dispute that the statements she made to the agency concerning her employment status were false. Appellant contends, however, the evidence adduced at trial was insufficient to establish that the false statements were material. Appellant argues that employment status is only one of several factors used by the agency in determining eligibility for disability benefits.
 
 
 8
 In reviewing the sufficiency of the evidence, we assess whether, when viewed in the light most favorable to the government, the evidence adduced at trial was sufficient for a rational trier of fact to find the defendant guilty beyond a reasonable doubt. United States v. Mundi, 892 F.2d 817, 820-21 (9th Cir.1989), cert. denied, 111 S.Ct. 1072 (1991).
 
 
 9
 In this case, the government presented uncontroverted evidence that, but for appellant's false statements regarding her employment status, the agency would have denied her certain disability and retirement benefits. Given that uncontroverted evidence, a rational trier of fact could have found that appellant's false statements concerning her employment status had the propensity to influence agency action.
 
 III
 
 10
 Appellant next contends that her convictions under section 1001 should be reversed because she had no legal duty to make truthful disclosures to the agency regarding her employment status. This contention is meritless. Section 1001 clearly requires truthful disclosures of information concerning employment status and earnings. United States v. De Rosa, 783 F.2d 1401, 1407 (9th Cir.), cert. denied, 477 U.S. 908 (1986).
 
 
 11
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir.R. 36-3