UNITED STATES of America, Appellee,

v.

**Carole KALAGIAN, Appellant.**

**No. 91–2832.**

United States Court of Appeals, Eighth Circuit.

Submitted Feb. 14, 1992.

Decided Feb. 20, 1992.

Rehearing Denied April 3, 1992.

**528**

Carter Collins Law of St. Louis, Mo., for appellant.

\* The HONORABLE HENRY WOODS, United States District Judge for the Eastern District of Arkansas, sitting by designation.

James G. Martin, St. Louis, Mo., for appellee.

Before FAGG and WOLLMAN, Circuit Judges, and WOODS,\* District Judge.

PER CURIAM.

The Government charged Carole Kalagian with making false statements of material fact in an application for welfare payments in violation of 42 U.S.C. § 408(b). Specifically, the indictment asserted Kalagian falsely stated to the Missouri Division of Family Services (MDFS) that she was unemployed. A jury found Kalagian guilty. Kalagian appeals and we affirm.

Kalagian contends the district court committed error in refusing to grant a mistrial based on the prosecutor's references to Kalagian's "lies" during the Government's opening statement. The prosecutor told the jury:

> [E]vidence will show the defendant engaged in a welfare fraud by lying to the [MDFS].... And the evidence will show as a result of her lies to the [MDFS].... [T]he evidence will show that [she gave different social security numbers to her employer and the MDFS] to cover up her lie.... At [the end of this trial], I will be asking you to return verdicts of guilty as to all four counts against the defendant for lying to the [MDFS]....

■ The prosecutor's opening statement should objectively outline the evidence reasonably expected to be introduced during the trial. *United States v. Johnson*, 767 F.2d 1259, 1275 (8th Cir.1985); *United States v. Brockington*, 849 F.2d 872, 875 (4th Cir.1988). A prosecutor risks reversal by using an opening statement to attack a defendant's character improperly. *Johnson*, 767 F.2d at 1275; *Brockington*, 849 F.2d at 875. Prosecutorial misconduct warrants reversal when the prosecutor's remarks (1) are improper, and (2) deprive the defendant of a fair trial by prejudicially affecting the defendant's substantial rights. *United States v. Hernandez*, 779 F.2d 456, 458 (8th Cir.1985).

■ The prosecutor said nothing improper in this case. To obtain Kalagian's conviction, the prosecutor had to show Kalagian made a false statement in an application for welfare. The prosecutor merely told the jury the evidence would show an essential element of the crime: that Kalagian lied to the MDFS. During the trial, the Government introduced evidence demonstrating Kalagian's lies. Because the prosecutor's statements were proper, the district court did not abuse its discretion in refusing to grant a mistrial.

■ Kalagian also contends the district court committed error in refusing to instruct the jury on materiality. In a prosecution for making a false statement to the Government, materiality of the statement is a question of law for the court. *United States v. Adler*, 623 F.2d 1287, 1292 (8th Cir.1980) (prosecution for violation of 18 U.S.C. § 1001); *see also United States v. Pruitt*, 702 F.2d 152, 155 (8th Cir.1983) (prosecution for violation of 18 U.S.C. § 287). Thus, the district court properly found materiality as a matter of law.

Accordingly, we affirm Kalagian's conviction.