**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Rashid ALVI, aka Javeed Alvi,
Defendant–Appellant.**

No. 00–50331.

D.C. No. CR–99–00062–WJR–1.

United States Court of Appeals,
Ninth Circuit.

Submitted Oct. 15, 2001.*

Decided Oct. 23, 2001.

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

has defined a material statement as a "statement [that] is capable of influencing or affecting a federal agency." *Id.* at 1545; *see also United States v. Talkington,* 589 F.2d 415, 416 (9th Cir.1978) (per curiam) (holding that the false statement need not have actually influenced the government agency). The record shows that an applicant's credit history and criminal record are important factors that are capable of influencing the SBA's decision to grant a disaster loan. Thus, Alvi's false statements regarding those issues were material and the evidence was sufficient for the jury to convict him of making false statements.

**AFFIRMED.**

Before REINHARDT, GRABER and BERZON, Circuit Judges.

MEMORANDUM **

Rashid Alvi appeals from his conviction of making false statements to the Small Business Administration ("SBA") in violation of 18 U.S.C. § 1001. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Alvi contends that there was insufficient evidence to support his conviction for false statements because his failure to disclose his prior bankruptcies and probation status were immaterial. Materiality is one of five elements the government must prove to sustain a conviction for making a false statement. *United States v. Boone,* 951 F.2d 1526, 1544 (9th Cir.1991). This court

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

