**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Armando RUIZ–NARANJO,
Defendant–Appellant.**

**No. 89–10391.**

United States Court of Appeals,
Ninth Circuit.

Submitted Aug. 14, 1991 *.

Decided Sept. 5, 1991.

---

* The panel finds this case appropriate for submission without oral argument pursuant to Ninth Circuit Rule 34–4 and Fed.R.App.P. 34(a).

Peter B. Keller, Law Offices of Keller & Postero, Tucson, Ariz., for defendant-appellant.

Reese V. Bostwick, Asst. U.S. Atty., Tucson, Ariz., for plaintiff-appellee.

Before BROWNING, FARRIS and LEAVY, Circuit Judges.

PER CURIAM:

Armando Ruiz–Naranjo appeals his sentence of 12 months for failing to report currency in excess of $10,000 upon entering the United States, see 31 U.S.C. § 5316, arguing the district court applied the wrong base offense level. We affirm.

The Sentencing Guidelines provide for a base offense level of 13 if a defendant "made false statements to conceal or disguise" his failure to report currency. U.S.S.G. § 2S1.3(a)(1)(B). Ruiz–Naranjo admits that upon entering the United States he was twice asked by a United States Customs Inspector whether he was carrying currency in excess of $10,000 and he twice responded that he was not. These statements were false. The district court could reasonably conclude that appellant's purpose in making the false statements was "to conceal or disguise" his failure to report the currency. *Id.* Accordingly, the district court correctly applied base offense level 13.

Ruiz–Naranjo's argument that U.S.S.G. § 2S1.3(a)(1)(B) should not be construed literally in light of the Introductory Commentary is meritless. The portion of Part A(4)(f) of the Introductory Commentary relied upon by Ruiz–Naranjo states only that the Sentencing Commission has generally chosen low base offense levels for regulatory offenses in which the defendant's misconduct was the failure to fill out a form.[1] It is entirely consistent for the Commission to choose, as it did, to require higher sentences for individuals who lie or otherwise conceal their misconduct.

AFFIRMED.

1. The Commentary relied upon states in relevant part:

[T]he Commission has developed a system for treating technical recordkeeping and reporting offenses that divides them into four categories. First, in the simplest of cases, the offender may have failed to fill out a form intentionally, but without knowledge or intent that substantive harm would likely follow. He might fail, for example, to keep an accurate record of toxic substance transport, but that failure may not lead, nor be likely to lead, to the release or improper handling of any toxic substance.... [¶] The structure of a typical guideline for a regulatory offense provides a low base offense level (*e.g.* 6) aimed at the first type of recordkeeping or reporting offense.

U.S.S.G. Ch. 1, Pt.A(4)(f) at 1.8–1.9.