981 F.2d 1260
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Nelson RESENDE, Defendant-Appellant
 No. 91-50780.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 6, 1992.*
Decided Dec. 7, 1992.
 
 Before D.W. NELSON, CYNTHIA HOLCOMB HALL and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Nelson Resende was convicted by a jury of failure to report transportation of monetary instruments in excess of $10,000 in violation of 31 U.S.C. § 5316(a)(1)(A) and of making a false statement to a government agency in violation of 18 U.S.C. § 1001. On appeal, Resende alleges that the evidence presented at trial was insufficient as a matter of law, and that the district court erred by imposing and failing to modify the sentence. We have jurisdiction under 28 U.S.C. § 1291. We affirm both the conviction and sentence.
 
 
 3
 I. Sufficiency of the Evidence Supporting the Verdict
 
 
 4
 In determining whether the evidence presented at trial was legally sufficient, "our role is to determine 'whether after reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.' " United States v. Bishop, 959 F.2d 820, 829 (9th Cir.1992) (citation omitted). To support a § 5316(a)(1)(A) conviction, "the government must prove that the defendant had knowledge that (1) he was transporting funds in excess of $10,000 and (2) the law required him to submit a report." United States v. Alzate-Restreppo, 890 F.2d 1061 (9th Cir.1989).[1] To support a conviction under § 1001, the government must prove that the defendant made a statement which he or she knew to be false and which was material to a matter within the jurisdiction of the agency. See United States v. East, 416 F.2d 351, 353-54 (9th Cir.1969).[2]
 
 
 5
 Resende claims that there was insufficient evidence presented at trial to prove that he knew a report was required to be filed with customs, that he willfully failed to file such a report, and that he made a statement which he knew to be false. The central argument is that there was a communication gap between Resende, who is a Brazilian citizen and whose native language is Portuguese, and customs inspector Rebecca Chen, who is a native speaker of Chinese. Resende claims that he said he was carrying $23,000 (rather than $3,000), and that he invited the inspector to search his bag.[3]
 
 
 6
 However, defendant did not put on any witnesses, and Ms. Chen's testimony contradicted these claims. She testified that she told Resende that it was perfectly legal to travel with any amount of money but that he had to fill out a form if he was carrying more than $10,000, and that Resende said he understood; that she told Resende that he was also responsible for any money he was carrying for anyone else, and that she asked Resende how much money he was carrying at least four separate times, to which he first responded that he had $3,000 but then said he had $8,000. Although she acknowledged that Resende had an accent, Chen testified that Resende spoke and understood English "perfectly." On cross-examination, Chen stated that she was "sure" that Resende had said he was carrying $3,000 and not $23,000. In addition, Chen testified that there were signs posted throughout the airport explaining the reporting requirements.
 
 
 7
 In light of Ms. Chen's uncontradicted testimony, a rational jury could have found the essential elements proven beyond a reasonable doubt. The reporting requirements were explained to Resende; he stated that he understood them, and then misstated several times the amount of currency he carried. The jury observed Ms. Chen and was qualified to assess her proficiency in English. Defendant chose not to testify, thus depriving the jury of an opportunity to assess his linguistic ability.
 
 
 8
 In addition, this evidence was similar to that presented in other airport currency reporting violation convictions upheld under sections 5316 and 1001. See, e.g., Alzate-Restreppo, 890 F.2d at 1062, 64 (finding evidence sufficient to uphold convictions where defendant had heard announcements concerning the reporting requirements, signs were placed at the airline check-in counter, and defendant had previously filled out customs declaration forms)[4]; United States v. Berisha, 925 F.2d 791, 796-97 (5th Cir.1991) (upholding convictions where announcements were played over the loudspeaker, signs were posted in the boarding area, and an inspector conducted a short interview with the defendant similar to the present one). We therefore hold that the evidence presented at trial was sufficient to convict Resende of both counts.
 
 II. Sentence Imposed
 
 9
 Resende was sentenced to eighteen months imprisonment and a three-year term of supervised release under U.S.S.G. § 2S1.3. Resende filed a timely notice of appeal from the conviction and sentence. A district court's application and interpretation of the Sentencing Guidelines is reviewed de novo. United States v. Lawrence, 916 F.2d 553, 554 (9th Cir.1990). The district court's factual findings in the sentencing phase are reviewed for clear error. United States. v. Chapnick, 963 F.2d 224, 226 (9th Cir.1992).
 
 A. Motion to Modify Sentence
 
 10
 Effective November 1, 1991, a new guideline was created for violations of § 5316. See U.S.S.G. § 2S1.4. Under this new provision, the base offense level was lowered to 9. Under 18 U.S.C. § 5382(c)(2):
 
 
 11
 in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission ... the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent they are applicable, if such a reduction is consistent with applicable policy statements....
 
 
 12
 (emphasis added). The relevant policy statement explicitly listed the amendment creating § 2S1.4 as one under which modification of sentence "may be considered." U.S.S.G. § 1B1.10(a), (d). This Court granted Resende's motion for a limited remand to permit the district court to entertain Resende's motion for resentencing pursuant to these changes. The district court subsequently denied the motion.
 
 
 13
 The Government claims that because Resende never filed a notice of appeal from the order denying modification, this Court lacks jurisdiction under Fed.R.App.P. 4(b) to hear Resende's appeal on this issue. We disagree. Because we allowed only a limited remand, we retained jurisdiction over the appeal. On the merits, however, we agree with the Government that the judgment of the district court should be upheld.
 
 
 14
 Under § 3582(c)(2), the district court has broad discretion whether or not to reduce a sentence imposed under a later-amended guideline, provided that the applicable factors in § 3553(a) are taken into account. See also U.S.S.G. § 1B1.10(a). In the order denying the motion to modify sentence, the district court explicitly considered several of these factors and concluded, largely based on Resende's prior criminal history, that modification was not warranted. We are satisfied that the law was applied correctly and affirm the order as a proper exercise of the district court's discretion.
 
 B. Original Sentence
 
 15
 The fact remains that Resende filed a timely notice of appeal from his original sentence. Resende argued at sentencing that his base offense level should have been 5, rather than 13. Guideline § 2S1.3(a) assigned base levels as follows:
 
 
 16
 (1) 13, if the defendant:
 
 
 17
 (A) structured transactions to evade reporting requirements; or
 
 
 18
 (B) made false statements to conceal or disguise the evasion of reporting requirements; or
 
 
 19
 (C) reasonably should have believed that the funds were criminally derived property;
 
 
 20
 (2) 5, otherwise.
 
 
 21
 Based on the commentary to that section, Resende argued that a base level of 13 was appropriate only for defendants who knew or should have known that they carried illegal funds.
 
 
 22
 The district court correctly rejected this argument. Sentencing under § 2S1.3(a)(1)(B) was proper because Resende had been convicted of making a false statement in connection with his failure to report. See United States v. Ruiz-Naranjo, 944 F.2d 475, 476 (9th Cir.1991) ("The Sentencing Guidelines provide for a base offense level of 13 if a defendant 'made false statements to conceal or disguise' his failure to report currency."). See also United States v. Caming, 968 F.2d 232, 241 (2d Cir.1992). Resende's original sentence was therefore not imposed in error.
 
 III. Conclusion
 
 23
 For the foregoing reasons, Resende's conviction and sentence are affirmed.
 
 
 24
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 31 U.S.C. § 5316(a) provides in relevant part:
 [A] person or an agent or bailee of the person shall file a report ... when the person, agent, or bailee knowingly--
 (1) transports, is about to transport, or has transported, monetary instruments or more than $10,000 at one time--
 (A) from a place in the United States to or through a place outside the United States....
 
 
 [2]
 18 U.S.C. § 1001 provides, in relevant part:
 Whoever, in any matter within the jurisdiction of any department or agency of the United States knowingly and willfully ... makes any false, fictitious or fraudulent statements or representations ... shall be fined not more than $10,000 or imprisoned not more than five years, or both.
 
 
 [3]
 The government proved the materiality of the statement through the unchallenged testimony of Special Agent Kenneth Gillespie
 
 
 [4]
 Since Resende did not admit that he was carrying over $10,000, he was not asked to fill out a declaration form