**UNITED STATES of America**

v.

**Orlando CANEL, Appellant.**

**UNITED STATES of America**

v.

**Jose FIGUEROA, Appellant.**

**Nos. 83–3003, 83–3004.**

United States Court of Appeals,
Third Circuit.

Argued April 28, 1983.

Decided May 31, 1983.

Rehearing Denied June 23, 1983.

Michael A. Joseph (argued), Federal Public Defender, D.V.I., Christiansted, St. Croix, U.S.V.I., for appellant, Canel.

Maria Tankenson Hodge, P.C. (argued), St. Thomas, V.I., for appellant, Figueroa.

James Diehm, U.S. Atty., Christiansted, St. Croix, V.I., James A. Plaisted (argued), Sp. Asst. U.S. Atty., on brief, Newark, N.J., for appellee.

Before GIBBONS, SLOVITER and BECKER, Circuit Judges.

## OPINION OF THE COURT

GIBBONS, Circuit Judge.

Orlando Canel and Jose Figueroa appeal from judgments of sentence imposed following their conviction, in a jury trial in the District Court of the Virgin Islands, of violations of 18 U.S.C. § 371 (1976) (conspiracy), 18 U.S.C. § 2314 (1976) (transporting in commerce checks obtained by fraud), 18 U.S.C. § 1343 (1976) (wire fraud), and 18 U.S.C. §§ 1001 and 2 (1976) (false statements to an agency of the United States). Their principal contention on appeal is that they could not constitutionally be tried in the District Court of the Virgin Islands for violations of federal criminal statutes of general application. They also make several objections to the sufficiency of the evidence and the manner in which the trial was conducted. We affirm.

## I.

The charges of which Canel and Figueroa were convicted arose out of purchases of two truck-tractors by the Government of the Virgin Islands, Division of Roads and Highways. Mr. Canel was the Director of that Division at the time of the purchase, and Mr. Figueroa was the seller. The trucks were formerly owned by Tri-County Truck Sales, a bankrupt Puerto Rico company. In essence the fraudulent scheme involved representations to various officials of the Virgin Islands Government that Figueroa was the "administrator" of the bankrupt company, and that by dealing with him instead of soliciting competitive bids the government would be obtaining the vehicles at "rock bottom prices." In fact, Figueroa had no connection with the administration of the bankrupt company, but purchased the trucks from it at prices significantly lower than the prices charged the government. Canel and Figueroa succeeded in convincing Virgin Islands officials that normal purchasing practices should be bypassed in order to prevent the "administrator" from disposing of the bargain trucks elsewhere.

## II.

Canel and Figueroa make two distinct challenges to the power of the District Court of the Virgin Islands to try them for violations of Title 18 of the United States Code, neither of which has merit. The first is that only an article III judge may preside at the trial, wherever it may be held, of a charge of violating the United States criminal laws of general application. The second is that the trial of a criminal charge before a judge enjoying the limited tenure afforded to judges of the District Court of the Virgin Islands violates due process.

## A. *The Article III Contention*

■ The appellants' argument that life-tenured judges must preside at criminal trials under federal criminal statutes of general application is predicated upon the recent opinion of the Supreme Court in *Northern Pipeline Construction Co. v. Marathon Pipeline Co.,* ⸺ U.S. ⸺, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982), which holds that Congress may not, within the territory of the several states, constitutionally authorize the trial of proceedings relating to bankruptcy before judges who are not protected by the life tenure and salary clauses of Article III. The appellants read far too much into *Northern Pipeline,* however, for it casts no doubt upon the continued vitality of *American Insurance Co. v. Canter,* 26 U.S. 388 [511] (1 Pet.), 7 L.Ed. 242 (1828), holding that Congress has article I legislative authority to select courts having limited tenure for the territories over which the United States maintains sovereignty. Indeed the Court expressly noted in *Northern Pipeline* that the "[territorial courts] exception from the general prescription of Article III dates from the earliest days of the Republic, when it was perceived that the Framers intended that as to certain geographical areas, in which no State operated as sovereign, Congress was to exercise the general powers of government." ⸺ U.S. at ⸺, 102 S.Ct. at 2868. The general powers of government include the power to choose appropriate judicial tribunals.

In *Palmore v. United States,* 411 U.S. 389, 93 S.Ct. 1670, 36 L.Ed.2d 342 (1973), and *Swain v. Pressley,* 430 U.S. 372, 97 S.Ct. 1224, 51 L.Ed.2d 411 (1977), the Court recognized the sovereign power of Congress to provide for term-tenured judges in the District of Columbia by virtue of the grant of legislative authority over that territory in art. I, § 8, cl. 17 of the Constitution. Congressional sovereign power under art. IV, § 3, cl. 2 is at least as broad. Appellants urge that the *Palmore* and *Pressley* cases are distinguishable, in that they dealt with the provisions in D.C.Code Ann. § 11–923 (Supp. V 1972) of the District of Columbia Court Reform and Criminal Procedure Act of 1970, Pub.L. No. 91–358, 84 Stat. 473, which gives the term-tenured judges of the Superior Court of the District of Columbia jurisdiction in criminal cases involving alleged violations of the criminal laws applicable only to the District of Columbia. The life-tenured judges of the United States District Court retain jurisdiction over offenses in violation of federal statutes of general jurisdiction. D.C.Code Ann. § 11–502 (Supp. V 1972).

We recognize the distinction. We note, however, that Congress has made no provision for a United States District Court for the Virgin Islands. It has only provided for a District Court of the Virgin Islands. *See United States v. George,* 625 F.2d 1081, 1087–88 (3d Cir.1980). In the Organic Act for the Virgin Islands, Pub.L. No. 95–598, 92 Stat. 2680, it has conferred on that court "the jurisdiction of a district court ... of the United States in all causes arising under the Constitution, treaties and laws of the United States...." 48 U.S.C. § 1612 (1976 & Supp. V 1981). Moreover, in 18 U.S.C. § 3241 (1976) it has provided that the "District Court of the Virgin Islands shall have jurisdiction of offenses under the laws of the United States, not locally inapplicable, committed within [its] territorial jurisdiction." We have consistently held that the District Court of the Virgin Islands may exercise that jurisdiction. Indeed *United States v. George* is such a case. Were we to hold that Title 18 could not be enforced in the District Court of the Virgin Islands, the entire title would be for all intents and purposes a dead letter in the territory. Obviously in making provision for the exercise in the Virgin Islands of the jurisdiction, civil and criminal, of United States District Courts, Congress assumed that it had the plenary sovereignty recognized in *American Insurance Co. v. Canter.*

Recognizing that *Northern Pipeline* must realistically be read as a disavowal by the majority of some of the more expansive statements in Justice White's *Palmore* opinion respecting congressional power to dispense with article III judges in sanctioning contexts, we find nothing in it suggesting

any erosion of the *Canter* holding. Congress obviously could, as it has in the District of Columbia and in Puerto Rico,[1] provide for life-tenured judges for federal as distinct from local matters. Outside the geographical limits of the states which are members of the federal union, however, the tenure and compensation guarantees of article III, section 1 have been recognized for too long to be matters of legislative grace rather than constitutional right for this court to hold otherwise. Other courts which have explicitly considered the question have reached the same conclusion. *See Government of the Canal Zone v. Scott,* 502 F.2d 566, 570 (5th Cir.1974); *United States v. Montanez,* 371 F.2d 79 (2d Cir.), *cert. denied,* 389 U.S. 884, 88 S.Ct. 147, 19 L.Ed.2d 181 (1967).

## B. *The Due Process Contention*

The appellants predicate their due process contention on 48 U.S.C. § 1614(a) (1976), which provides that the judges of the District Court of the Virgin Islands "shall hold office for terms of eight years ... unless sooner removed by the President for cause." They point out that nowhere in the Organic Act or elsewhere is cause for removal defined. Thus, they urge, the judges of the district court are at all times subject to the possibility that the federal executive may attempt to apply the removal provision in section 1614(a) in an arbitrary manner. Moreover, even if the President leaves the judge alone during the term, there is always the problem of failure of reappointment if the actions of a given judge are less than satisfactory to the Department of Justice.

■ Appellants' objections to the removal and term tenure features of section 1614(a) have been regarded seriously in some quarters. A leading commentator has observed:

If judicial independence is of vital importance in the states, it is hard to see why it is not equally valuable to the territories. The district judges there try persons for crimes against the United States. They hear civil cases in which the United States is a party. They should be able to decide such cases fearlessly and impartially, without being dependent upon the Department of Justice for their continued tenure. Unfortunately instances are not unknown of territorial judges who have not been reappointed, under circumstances where it appears that they have been denied reappointment because of decisions displeasing to the appointing authority. So long as these judges have limited tenure, the possibility of such abuse, or apparent abuse, will persist. The granting to these judges of tenure during good behavior, as was recently done for Puerto Rico, would be desirable.

C. Wright, Law of Federal Courts § 11, 49 (4th ed. 1983) (footnotes omitted). Even if one were to posit that section 1614 (a) is an undesirable statute, it is a long jump to holding that a trial before judges appointed under it violates due process of law. No authority has been called to our attention holding that defects in the process whereby judges may be removed or reappointed can be relied upon by litigants to challenge the capacity of those judges to render decisions satisfying due process. Indeed it seems likely that such a doctrine would undermine the authority of many state courts to function. Thus we reject appellants' contention that the recognized defects in section 1614(a) are of due process dimensions for litigants.

### III.

■ Appellants' remaining contentions need not long detain us. Both defendants contend that the evidence was insufficient to sustain a finding of guilt on any count. Our examination of the record discloses otherwise. Mr. Canel urges that the court should have granted him a new trial for prejudicial joinder. There was no pre-trial motion for a severance, and on this record we cannot hold that a post-verdict denial of a motion for a new trial on this ground was an abuse of discretion. Mr. Canel also contends that a statement taken from him was

1. *See* 28 U.S.C. § 133 (1976 & Supp. V 1981)  (providing for appointment of district judges).

introduced in evidence in violation of *Massiah v. United States,* 377 U.S. 201, 84 S.Ct. 1199, 12 L.Ed.2d 246 (1964). There were no charges pending against him and no attorney representing him when the statement was given after he was fully warned about his rights. Mr. Figueroa contends that none of the false statements in evidence violated 18 U.S.C. § 1001 (1976) because none were made within the jurisdiction of an agency of the United States. *But see* 48 U.S.C. § 1599 (1976 & Supp. III 1979) (Inspector General of Interior Department audits accounts of the Government of the Virgin Islands). Finally, Mr. Figueroa urges that he is entitled to a new trial because the government utilized peremptory challenges to exclude persons of Puerto Rican ethnic background from the jury. We decline to change the rule that neither side need justify the use of peremptory challenges.

### IV.

The judgments appealed from will therefore be in all respects affirmed.

Gibbons, Circuit Judge, filed a dissenting opinion.