**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Danielle FACCHINI, et al.,
Defendants–Appellants.**

Nos. 86–3094, 86–3097–86–3102, 86–3104–86–3111, 86–3117, 86–3118, 86–3121–86–3123, 86–3127, 86–3128, 86–3137–86–3140, 86–3148, 86–3154, 86–3161 and 86–3177.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Sept. 8, 1987.

Decided Nov. 19, 1987.

Before WRIGHT, WALLACE and PREGERSON, Circuit Judges.

EUGENE A. WRIGHT, Circuit Judge:

These consolidated appeals require that we determine whether 18 U.S.C. § 1001[1] extends to false statements made to a state unemployment insurance program certified and supported by the federal Department of Labor pursuant to 42 U.S.C. § 501 *et seq.* and 26 U.S.C. § 3304. Ms. Facchini and the other appellants appeal their convictions under 18 U.S.C. § 1001 for making false statements to the Oregon Division of Employment. They argue that their statements to the state department were not matters "within the jurisdiction of any department or agency of the United States" and that these misrepresentations were not material.

We find that the false statements to the Oregon Division of Employment were within the jurisdiction of a federal agency or department and that they were material. The convictions are affirmed.

## BACKGROUND

The appellants applied for unemployment insurance benefits with the State of Oregon Division of Employment. Each gave false information on initial or supplemental benefits claim forms. On the basis of the information, the state improperly paid them unemployment benefits.

Our analysis of § 1001 turns on the relationship between the federal and state governments in administering and supervising state unemployment programs. Oregon's program is certified and approved by the Secretary of Labor as provided in 26 U.S.C. § 3303 and 42 U.S.C. § 503. As a certified program, Oregon receives federal money to pay the cost of administration.

The Secretary of Labor and the President recommend to Congress the amount of money to be appropriated for each approved state program. Such recommendations "take into account such factors as the

Mark D. Blackman and Steven T. Wax, Federal Public Defender, Portland, Or., for defendants-appellants.

Frank Noonan, U.S. Atty., Portland, Or., for plaintiff-appellee.

---

1. 18 U.S.C. § 1001 provides: Whoever, in any matter within the jurisdiction of any department or agency of the United States knowingly and willfully ... makes any false, fictitious or fraudulent statements or representations ... shall be fined not more than $10,000 or imprisoned not more that five years or both.

relationship between employment subject to State laws and the total labor force in the United States, the number of claimants and the number of job applicants, and such other factors as he finds relevant." 42 U.S.C. § 1101(c)(4).

Employers within the state contribute through payroll taxes the insurance funds disbursed by the state. The federal and state governments cooperate in the administration of and accounting for these funds in an unemployment insurance program.

We consider first whether the appellants' statements to the state programs were "within the jurisdiction of any department or agency of the United States" before analyzing the issue of materiality.

## JURISDICTION

Section 1001 applies broadly to "protect the authorized functions of governmental departments and agencies from the perversion which might result from ... deceptive practices." *United States v. Rodgers*, 466 U.S. 475, 480, 104 S.Ct. 1942, 1947, 80 L.Ed.2d 492 (1984) (quoting *United States v. Gilliland*, 312 U.S. 86, 93, 61 S.Ct. 518, 522, 85 L.Ed. 598 (1941)). In construing the term "jurisdiction" within § 1001, we should not impose a "narrow or technical meaning." *Rodgers*, 466 U.S. at 480, 104 S.Ct. at 1947. "Section 1001 is a 'catch all,' reaching those false representations that might 'substantially impair the basic functions entrusted by law to [an] agency.'" *United States v. Olson*, 751 F.2d 1126, 1128 (9th Cir.1985); *United States v. De Rosa*, 783 F.2d 1401, 1407 (9th Cir.), *cert. denied*, — U.S. ——, 106 S.Ct. 3282, 91 L.Ed.2d 571 (1986).

Jurisdiction does not require that federal money be spent or that a federal agency act in response to the false statement. *Gilliland*, 312 U.S. at 93, 61 S.Ct. at 522 (§ 1001 is not "restrict[ed]" to cases involving pecuniary or property loss to the government.") (cited in *Rodgers*, 466 U.S. at 480, 104 S.Ct. at 1946). Rather, a "valid legislative interest in protecting the integrity of official inquiries" is sufficient to establish jurisdiction. *Rodgers*, 466 U.S. at 481–82, 104 S.Ct. at 1947–48.

The scope of § 1001, therefore, follows the federal government's access to information. *Bryson v. United States*, 396 U.S. 64, 71, 90 S.Ct. 355, 360, 24 L.Ed.2d 264 (1969) ("A statutory basis for an agency's request for information provides jurisdiction enough to punish fraudulent statements under § 1001."). So long as a federal agency has statutory authority to gain access to information, that information is within the jurisdiction of a federal agency for the purposes of § 1001. *Rodgers*, 466 U.S. at 479, 104 S.Ct. at 1946. ("The word 'jurisdiction' as used in the statute must mean simply the power to act upon information when it is received.")

This and other circuits have found agency jurisdiction based on statutory access to information. In *United States v. Balk*, 706 F.2d 1056 (9th Cir.1983), this court held that falsified documents submitted to a grand jury, a non-federal agency, were within § 1001 because the proper and intended use of the documents related to a matter within the jurisdiction of the Navy, a federal agency. The falsified documents did not need in fact to be submitted to the Navy. 706 F.2d at 1059.

Similarly, in *United States v. Canel*, 708 F.2d 894 (3d Cir.), *cert. denied*, 464 U.S. 852, 104 S.Ct. 165, 78 L.Ed.2d 151 (1983), the Third Circuit upheld the appellant's conviction under § 1001 for defrauding the Government of the Virgin Islands. 48 U.S.C. § 1599, which provides that the Inspector General of the Interior Department audits the Government's accounts, established jurisdiction of the Interior Department for the purposes of § 1001.

The Fifth Circuit has held that § 1001 covered fraud perpetrated on a wholly owned subsidiary of a federally insured financial institution. *United States v. Cartwright*, 632 F.2d 1290 (5th Cir.1980). The court reasoned that the statutory authority of the FSLIC to examine records of insured institutions extended to records of their wholly owned subsidiaries. That statutory access to information provided ample grounds for finding agency jurisdiction. 632 F.2d at 1293.

The Department of Labor and other federal agencies have access to information submitted by claimants to the Oregon Division of Employment. 42 U.S.C. § 503(a)(6) requires that state programs "mak[e] ... such reports, in such form and containing such information, as the Secretary of Labor may from time to time require." Paragraph (7) requires specifically that states

> mak[e] available upon request to any agency of the United States charged with the administration of public works or assistance through public employment, the name, address, ordinary occupation and employment status of each recipient of unemployment compensation, and a statement of such recipient's rights to further compensation. 42 U.S.C. § 503(a)(7)

42 U.S.C. § 1101, furthermore, provides that Congressional appropriations to fund the administration by a state of unemployment compensation funds shall be based on the number of claimants in the state, as well as other relevant factors.

Because of the authority of the Department of Labor and other federal agencies to request information regarding the number, identity, and status of claimants to state programs, we hold that the appellants' false statements were within the jurisdiction of a federal department or agency.

## MATERIALITY

■ In addition to the requirement of jurisdiction, a statement within § 1001 must be material to a federal agency or department. *United States v. Vaughn,* 797 F.2d 1485 (9th Cir.1986). We assess materiality by an objective and liberal standard. The test of materiality is:

> the intrinsic capabilities of the false statement itself, rather than the possibility of the actual attainment of its end as measured by collateral circumstances.

*United States v. Valdez,* 594 F.2d 725, 729 (9th Cir.1979).

■ A federal agency need not rely on the information in fact for it to be material. *Vaughn,* 797 F.2d at 1490; *United States v. Green,* 745 F.2d 1205, 1208 (9th Cir. 1984), *cert. denied,* 474 U.S. 925, 106 S.Ct. 259, 88 L.Ed.2d 266 (1985); *Valdez,* 594

F.2d at 728. The statement need have only the propensity or capacity to influence or affect an agency's decision. *United States v. DeRosa,* 783 F.2d 1401, 1408 (9th Cir. 1986); *Vaughn,* 797 F.2d at 1490. Materiality, therefore, is not measured by effect or magnitude.

■ The statements of Ms. Facchini and the other appellants were material to the Department of Labor and to other federal agencies with access to information about claimants. The Secretary of Labor, the President, and Congress rely on accurate information from the states in allocating federal money for state administrative expenses. 42 U.S.C. § 1101. As 42 U.S.C. § 503(a)(7) reflects, federal public works and employment agencies use information on state program claimants in planning work projects. The false statements to the Oregon Division of Employment, therefore, are "intrinsically capable" of influencing or affecting federal agencies or departments.

We affirm the judgments of conviction of all appellants.

PREGERSON, Circuit Judge, dissenting:

I dissent. I believe the facts of this case fulfill neither section 1001's jurisdiction requirement nor its materiality requirement. Moreover, I believe it is evident that Congress never intended that section 1001 should apply to individuals applying for state unemployment benefits.

Section 1001 states in full:

> Whoever, in any matter within the *jurisdiction* of any department or agency of the United States knowingly and willfully falsifies, conceals or covers up by any trick, scheme, or device a *material* fact, or makes any false writing or document knowing the same to contain any false, fictitious or fraudulent statement or entry, shall be fined not more than $10,000 or imprisoned not more than five years, or both.

(Emphasis added.)

There can be no conviction under section 1001 unless both materiality and jurisdiction are shown. *See United States v.*

*Green,* 745 F.2d 1205, 1208 (9th Cir.1984), *cert. denied,* 474 U.S. 925, 106 S.Ct. 259, 88 L.Ed.2d 266 (1985).

*Jurisdiction*

To satisfy section 1001's jurisdiction requirement, the defendant's false statement must "relate to a matter in which a federal agency has power to act," *Green,* 745 F.2d at 1208, and must concern the "authorized functions of an agency or department" rather than "matters peripheral to the business of that body." *United States v. Rodgers,* 466 U.S. 475, 479, 104 S.Ct. 1942, 1946, 80 L.Ed.2d 492 (1984). The Supreme Court's use of the term "authorized functions" is critical. While it is clear that in order to have jurisdiction an agency need not have a "financial or proprietary interest," *United States v. Gilliland,* 312 U.S. 86, 91, 61 S.Ct. 518, 521, 85 L.Ed. 598 (1941), all of the cases cited by the majority opinion that have found a section 1001 violation have involved a direct relationship between the false statement and an *authorized function* of a *federal* agency. Thus, in *Rodgers,* the Supreme Court upheld the section 1001 conviction of a man who had lied repeatedly to the Federal Bureau of Investigation, causing that agency to spend hundreds of hours of staff time investigating his stories. In that case, the defendant's false statements disrupted the FBI's performance of its statutorily authorized functions. Similarly, in *United States v. Balk,* 706 F.2d 1056 (9th Cir.1983), false statements submitted to a grand jury were held to fall under section 1001 because the statements were falsified welder certifications that the defendant used to obtain work as a navy contractor. These false statements directly damaged the U.S. Navy's ability to operate properly. The remaining cases cited by the majority opinion also involve false statements that directly affect authorized functions of the federal government. *Bryon v. United States,* 396 U.S. 64, 71, 90 S.Ct. 355, 360, 24 L.Ed.2d 264 (1969) (false affidavit filed with National Labor Relations Board); *United States v. Canel,* 708 F.2d 894 (3d Cir.), *cert. denied,* 464 U.S. 852, 104 S.Ct. 165, 78 L.Ed.2d 151 (1983) (false statement to government of United States territory,

which is under direct federal supervision); *United States v. Cartwright,* 632 F.2d 1290 (5th Cir.1980) (fraud within institution insured by Federal Savings & Loan Insurance Corporation).

The majority opinion does not identify any "authorized function" of any federal agency that is directly affected by false statements made by individuals who apply to the state of Oregon for unemployment benefits. The majority opinion discusses 42 U.S.C. § 503(a)(7), which requires that states, on the request of any federal agency, make available statistical information about recipients of unemployment compensation. Section 503(a)(7), however, only authorizes the federal government to obtain information from the state; it does not establish any direct information-gathering relationship between the federal government and any individual applying for unemployment benefits in Oregon. Thus, a false statement made by an applicant for Oregon unemployment payments does not implicate an "authorized function" of a federal agency. Rather, the false statement is a matter that is "peripheral to the business" of the federal government. *See Rodgers,* 466 U.S. at 479, 104 S.Ct. at 1946. Therefore, I would hold that section 1001's jurisdiction requirement is not satisfied.

*Materiality*

The materiality requirement of section 1001 is closely related to the jurisdiction requirement. "A statement is considered material if it has the propensity to influence agency action...." *United States v. Vaughn,* 797 F.2d 1485, 1490 (9th Cir.1986). I do not believe that a false statement made by an individual applicant for Oregon unemployment benefits is material to the authorized functions of any federal agency. The federal government's only active duty with respect to state unemployment compensation programs is to pay for administrative costs. A false statement by any individual applying for benefits in Oregon would have no propensity to affect the federal government's decision whether to provide administrative funding, or the amount thereof, for the state program. There is no nexus between false state-

ments made to the state by individual claimants and the federal government's power to act. Therefore, I would hold that section 1001's materiality requirement is not satisfied.

*Congressional Intent*

I believe it is clear that Congress did not intend that section 1001 should apply to false statements made by applicants for state unemployment benefits. After section 1001 was enacted, Congress enacted 18 U.S.C. § 1919, which specifically criminalizes the making of false claims for *federal* unemployment benefits. Congress apparently thought that section 1001 did not cover the filing of false claims as to federal unemployment benefits; otherwise, it would not have felt the need to enact section 1919. If Congress felt that section 1001 did not cover the filing of false claims for federal unemployment benefits, it is hard to accept the argument that when Congress enacted section 1001 it intended to cover the filing of false claims for state-funded unemployment benefits. Moreover, had Congress intended to make giving false statements with respect to state-funded unemployment insurance a federal crime, it would have enacted a provision similar to section 1919 to accomplish that purpose. The fact that Congress did not enact a prohibition concerning false claims filed with respect to state-funded unemployment insurance seemingly reflects Congress' view that prosecution of such misrepresentations is better left to the states.

Because I believe that section 1001 does not apply to false statements made by applicants for state unemployment compensation and that prosecution of such claims rests with the states, I would reverse.