NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-1438
_____

UNITED STATES OF AMERICA

v.

TOMAS LIRIANO CASTILLO,
                                        Appellant


_____

On Appeal from the District Court
for the Virgin Islands
(D.C. Criminal No. 3-16-cr-00029-001)
District Judge: Honorable Curtis V. Gomez
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
December 14, 2017

Before: SMITH, *Chief Judge*, MCKEE, and SCIRICA, *Circuit Judges*

(Filed: July 18, 2018)

_____

OPINION*
_____

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

SCIRICA, *Circuit Judge*

Tomas Miguel Liriano Castillo appeals his conviction and sentence for drug-related offenses and illegal entry. Castillo filed four motions in the trial court, contending (1) the District Court of the Virgin Islands, an Article IV court, did not have jurisdiction to hear his case because the United States was a party, (2) the trial court judge, who has served over ten years, presided over his case in violation of the Appointments Clause of Article II of the United States Constitution, (3) law enforcement officers violated the Vienna Convention on Consular Relations by failing to inform the consulate of his home country of his arrest, and (4) there was insufficient evidence to convict him of illegal entry because the regulation designating "ports of entry" is invalid under the Administrative Procedure Act. The trial court denied Castillo's motions. We will affirm as to those issues. But, because the trial court imposed a general sentence which violates the statutory maximum on the illegal entry count, we will vacate the sentencing order and remand to the court for resentencing.

**I.**

On May 9, 2016, a Drug Enforcement Administration agent in St. Thomas received a tip about a vessel traveling toward the island from Tortola. The vessel entered Hull Bay in St. Thomas on the same day. Three agents traveled to Hull Bay and observed a boat moving slowly, coming closer to shore. While the agents were watching its progress, a vehicle pulled in next to them, and two men got out and started walking in the direction of the approaching boat.

Castillo, who was born in the Dominican Republic, disembarked from the boat and came to shore. Agents detained the two men from the vehicle and then approached Castillo. After the agents identified themselves as police officers, Castillo "took three or four big steps

2

like he was going to take off running, and . . . took the backpack [he was wearing] off and threw it under a nearby tree." App. 221. That backpack contained several kilogram-sized packages of cocaine.

Castillo was charged on August 11, 2016, with (1) conspiracy to distribute narcotics, in violation of 21 U.S.C. § 846 (Count One); (2) possession with intent to distribute narcotics, in violation of 21 U.S.C. § 841(a)(1) (Count Two); (3) federal use of communication facility to facilitate a felony, in violation of 21 U.S.C. § 843(b) (Count Three); and (4) illegal entry, in violation of 8 U.S.C. § 1325(a) (Count Four). *See* Indictment, Doc. No. 1, No. 3:16-cr-00029-CVG. At trial, Castillo chose not to present evidence. A jury found Castillo guilty on Counts One, Two, and Four.

Prior to trial, Castillo filed three motions: (1) a Motion to Dismiss (or, in the alternative, to Disqualify), in which Castillo contended the District Court of the Virgin Islands, an Article IV court, did not have jurisdiction over his criminal case; (2) a Motion to Disqualify asserting that the trial court judge remained on the bench in violation of the Appointments Clause; and (3) a Motion to Dismiss alleging the failure of the law enforcement officers who arrested Castillo to notify the Dominican Republic Consulate violated Article 36 of the Vienna Convention on Consular Relations, Apr. 24, 1963 [1970] 21 U.S.T. 77, 100-01, T.I.A.S. No. 6820. The trial court orally denied all three motions.

At the close of the government's case, Castillo moved for a judgment of acquittal under Federal Rule of Criminal Procedure 29 on the illegal entry count.[1] Castillo argued that there

---

[1] Castillo also challenged Count Three, charging him with federal use of a communication facility to facilitate a felony. Although the court denied the Rule 29 Motion as to that Count, Castillo was found not guilty and thus does not challenge that determination.

3

were no legal or illegal ports of entry because the regulation setting forth ports of entry did not go through notice and comment rulemaking as required under the Administrative Procedure Act. The court denied the Rule 29 Motion. Castillo filed his Notice of Appeal on February 24, 2017, challenging the trial court's determinations on those four motions. That Notice of Appeal was stayed pending entry of the Judgment and Commitment Order on April 17, 2017.

## II.[2]

We begin by addressing the court's denial of Castillo's four motions. First, we conclude the court correctly denied Castillo's Motion to Dismiss, in which he argued that the District Court of the Virgin Islands did not have jurisdiction under Article III to hear his case because the United States was a party. "We exercise plenary review over the question of whether the District Court had jurisdiction." *United States v. Gillette*, 738 F.3d 63, 70 (3d Cir. 2013). "The District Court of the Virgin Islands derives its jurisdiction from Article IV, § 3 of the United States Constitution, which authorizes Congress to regulate the territories of the United States." *Id.*; *Birdman v. Office of the Governor*, 677 F.3d 167, 175 (3d Cir. 2012) ("[The District Court of the Virgin Islands] remains an Article IV Court."). We have previously held the District Court of the Virgin Islands has jurisdiction over cases involving violations of the criminal laws of the United States, *see United States v. Perez Oviedo*, 281 F.3d 400, 403-04 (3d Cir. 2002); *United States v. Canel*, 708 F.2d 894, 896 (3d Cir. 1983).[3] Accordingly, the court properly exercised jurisdiction over Castillo's case involving violations

---

[2] The District Court had jurisdiction under 48 U.S.C. § 1612 and 18 U.S.C. § 3231. We have jurisdiction under 28 U.S.C. § 1291.

[3] Counsel for Appellant previously raised this issue in *United States v. Fagan*, C.A. No. 10-4694. In that case, we summarily affirmed the conviction. *Fagan*, Doc. No. 003112469779 (Nov. 22, 2016), *cert. denied*, __ S. Ct. __, 2017 WL 320260, at *1 (Oct. 2, 2017).

of federal criminal law.

Second, we conclude the trial court properly denied Castillo's Motion to Disqualify, which raised a challenge under the Appointments Clause to the trial court judge's authority to hear the case.[4] The Revised Organic Act, enacted by Congress under Article IV, provides for the appointment of judges to the District Court of the Virgin Islands:

> The President shall, by and with the advice and consent of the Senate, appoint two judges for the District Court of the Virgin Islands, who shall hold office for terms of ten years *and until their successors are chosen and qualified*, unless sooner removed by the President for cause.

48 U.S.C. § 1614(a) (emphasis added).

Castillo does not contend that the trial judge's successor has been "chosen and qualified" and the trial judge has failed to step down. Rather, Castillo argues that the trial judge's continued service, beyond the ten-year statutory period, violates the Appointments Clause. "Congress' power to extend prospectively terms of office can be implied from its power to add to the duties of an office other duties that are germane to its original duties." *In re Benny*, 812 F.2d 1133, 1141 (9th Cir. 1987); *cf. Swan v. Clinton*, 100 F.3d 973, 984 (D.C. Cir. 1996) ("Holdover members can be replaced, whether they have removal protection or not, by the President nominating and the Senate confirming their successors."). Because § 1614(a) provides for district court judges' continued service "until their successors are chosen and qualified" and that condition has not been met here, the trial judge's continued service does not violate the Appointments Clause.

Third, the court rightly denied Castillo's Motion to Dismiss based on an alleged

---

[4] We summarily rejected this argument in *United States v. Blyden*, C.A. No. 16-1563, Doc. 003112341146 (June 29, 2016).

5

violation of Article 36 of the Vienna Convention on Consular Relations. Castillo asserts that law enforcement officers' failure to notify the embassy/consulate of the Dominican Republic of his arrest warranted dismissal of the indictment. In relevant part, Article 36 states:

> [I]f [a detained individual] so requests, the competent authorities of the receiving State shall, without delay, inform the consular post of the sending State if, within its consular district, a national of that State is arrested or committed to prison or to custody pending trial or is detained in any other manner. Any communication addressed to the consular post by the person arrested, in prison, custody or detention shall also be forwarded by the said authorities without delay. The said authorities shall inform the person concerned without delay of his rights under this sub-paragraph.

21 U.S.T., at 100-01.

For the purposes of this appeal, we assume, without deciding, that Article 36 grants Castillo individually enforceable rights. *See Sanchez-Llamas v. Oregon*, 548 U.S. 331, 343 (2006) ("[F]or purposes of addressing petitioners' claims, we assume, without deciding, that Article 36 does grant [petitioners individual] rights."). Nonetheless, Castillo's argument fails. Dismissal of the indictment and suppression of evidence are not appropriate remedial measures for a violation of Article 36 in this case. *See id.* at 350 ("Article 36 adds little to these 'legal options,' and we think it unnecessary to apply the exclusionary rule where other constitutional and statutory protections—many of them already enforced by the exclusionary rule—safeguard the same interests Sanchez-Llamas claims are advanced by Article 36."); *United States v. Ortiz*, 315 F.3d 873, 886 (8th Cir. 2002) ("Even if we assume for present purposes that the Convention creates an individually enforceable right, it would not follow, on this record, that the statements should be excluded merely because the Convention has been violated."); *United States v. Duarte-Acero*, 296 F.3d 1277, 1282 (11th Cir. 2002) (holding that dismissal of an indictment is not an appropriate remedy for a violation of the Vienna Convention); *United*

6

*States v. De La Pava*, 268 F.3d 157, 165 (2d Cir. 2001) ("Even if we assume *arguendo* that De La Pava had judicially enforceable rights under the Vienna Convention—a position we do not adopt—the Government's failure to comply with the consular-notification provision is not grounds for dismissal of the indictment."); *United States v. Li*, 206 F.3d 56, 60 (1st Cir. 2000) (en banc) ("We hold that irrespective of whether or not the treaties create individual rights to consular notification, the appropriate remedies do not include suppression of evidence or dismissal of the indictment."); *United States v. Page*, 232 F.3d 536, 540 (6th Cir. 2000) (stating that "although some judicial remedies may exist, there is no right in a criminal prosecution to have evidence excluded or an indictment dismissed due to a violation of Article 36").

Furthermore, "[e]ven if the remedies requested by [Castillo] may be available in some cases involving Article 36 violations, those remedies are not available absent a showing of prejudice." *United States v. Cordoba-Mosquera*, 212 F.3d 1194, 1196 (11th Cir. 2000). Castillo has not identified how the government's alleged failure to notify the consulate prejudiced him, arguing instead that a violation of Article 36 is de facto prejudicial. *See* Appellant's Br. at 32. We disagree. Based on the record before us, we conclude dismissal of the indictment was not warranted.

Fourth, we conclude the court properly denied Castillo's Motion under Federal Rule of Criminal Procedure 29.[5] "We exercise plenary review over an appeal from the grant [or

---

[5] Rule 29 states, in relevant part, "[a]fter the government closes its evidence or after the close of all the evidence, the court on the defendant's motion must enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction." Fed. R. Crim. P. 29(a). In ruling on such a motion, the court must "review the record in the light most favorable to the prosecution to determine whether any rational trier of fact could have found proof of guilt[ ] beyond a reasonable doubt based on the available evidence." *United States v. Brodie*,

denial] of a judgment of acquittal, and independently apply the same standard the district court uses in deciding the motion." *United States v. Caraballo-Rodriguez*, 726 F.3d 418, 424 (3d Cir. 2013).

The government presented sufficient evidence to establish a violation of 8 U.S.C. § 1325(a), which requires a showing that the alien "entered or attempted to enter the United States at any time or place other than as designated by immigration officers." Castillo admits that he landed at the beach at Hull Bay, *see* Appellant's Br. at 6, and the government offered testimony at trial that Hull Bay is not a designated port of entry. As to Castillo's contention that there are no "legal" ports of entry because 8 C.F.R. § 100.4, the regulation setting forth designated ports of entry, did not go through notice and comment rulemaking, we find his argument unpersuasive. Castillo does not contend he entered through a port designated by immigration officers. Instead, he argues that the most recent published rule designating ports of entry for the Virgin Islands is not valid. However, as that rule states, no notice of proposed rulemaking was required because "the republication of § 100.4 is editorial in nature," 38 Fed. Reg. 34,183, 34,188 (Dec. 7, 1973), and "[n]o changes are made at this time," *id.* at 34183.[6] Furthermore, § 100.4 provides for the allocation of personnel to certain locations, which are then designated ports of entry. Accordingly, the court's denial of the Motion under Rule 29 was proper.

---

403 F.3d 123, 133 (3d Cir. 2005) (quoting *United States v. Smith*, 294 F.3d 473, 476 (3d Cir. 2002)).

[6] To the extent Castillo argues that he did not have notice of any valid designated ports of entry, we note that the agency published a notice of proposed rulemaking in the Federal Register in 1967, which designated several ports of entry in the Virgin Islands. *See* 32 Fed. Reg. 6753 (May 3, 1967). That rule subsequently became final. *See* 32 Fed. Reg. 9,599 (July 4, 1967).

## III.

Finally, we address Castillo's sentence. The court imposed a general sentence of 121 months' imprisonment on Counts One, Two, and Four. But that sentence exceeds the statutory maximum for Count Four. *See* 8 U.S.C. § 1325(a) (stating a violator "shall, for the first commission of any such offense, be fined under Title 18 or *imprisoned not more than 6 months*, or both, and, for a subsequent commission of any such offense, be fined under Title 18, or *imprisoned not more than 2 years*, or both.") (emphasis added). Although the government acknowledged that the sentence exceeds the statutory maximum on that count, Gov't Br. at 3 n.2, neither Castillo nor the government addressed the issue in their briefs.

Typically, "an appellant's failure to identify or argue an issue in his opening brief constitutes waiver of that issue on appeal." *United States v. Andrews*, 681 F.3d 509, 532 (3d Cir. 2012) (quoting *United States v. Pelullo*, 399 F.3d 197, 222 (3d Cir. 2005)). That rule, however, "yields in extraordinary circumstances." *Id.* We evaluate three factors in determining whether such extraordinary circumstances exist: "(1) 'whether there is some excuse for the appellant's failure to raise the issue in the opening brief'; (2) the extent to which the opposing party would be prejudiced by our considering the issue; and (3) 'whether failure to consider the argument would lead to a miscarriage of justice or undermine confidence in the judicial system.'" *Id.* (quoting *United States v. Albertson*, 645 F.3d 191, 195 (3d Cir. 2011)).

In *Andrews*, a similar case involving imposition of a general sentence that violated a statutory maximum on two counts, we concluded that extraordinary circumstances existed and vacated the appellant's sentence despite his failure to raise the issue in his opening brief. *See id.* at 531-32. Like the appellant in that case, Castillo offers no excuse for his failure to raise the sentencing issue in his opening brief. But, as to prejudice, the government acknowledged

9

in its brief that the sentence exceeds the statutory maximum for Count Four and had an opportunity to present arguments on that issue. Finally, the error here also affects appellant's "substantial rights and results in manifest injustice because, as a result of the general nature of the sentence, neither we nor [the appellant] can determine whether it was legal as to particular counts." *Id.* (quoting *United States v. Ward*, 626 F.3d 179, 184 (3d Cir. 2010)). Under these circumstances, consideration of the merits is appropriate.

As in *Andrews*, we conclude that the court erred in imposing a general sentence of 121 months' imprisonment on Counts One, Two, and Four for two reasons. First, the Sentencing Guidelines require that a district court impose a sentence on each count. *Ward*, 626 F.3d at 184 (citing U.S.S.G. § 5G1.2(b)). Second, the 121-month term of imprisonment exceeds the statutory maximum for Count Four, and we are unable to determine if the sentence was legal as to each count. Accordingly, we will vacate the sentencing order and remand for resentencing.

**IV.**

For the foregoing reasons, we will affirm the trial court's rulings on Castillo's motions and his conviction. We will vacate the sentencing order and remand to the court for resentencing.

10