986

UNITED STATES of America,
Plaintiff—Appellee,

v.

Kasra NIKKHAH, Defendant—
Appellant.

No. 00–50573.
D.C. No. CR–99–0029–MLH.

United States Court of Appeals,
Ninth Circuit.

Submitted July 12, 2001.*

Decided July 31, 2001.

Before RYMER, and RAWLINSON,
Circuit Judges, and RESTANI, Judge.**

MEMORANDUM ***

Kasra Nikkhah appeals his conviction on eight counts of making false statements in violation of 18 U.S.C. § 1001, and 18 U.S.C. § 2. We have jurisdiction and we affirm.

Nikkhah argues that the district court erred in denying his Rule 29 motion for acquittal because the government never proved falsity, intent, materiality, or aiding and abetting, and because the indictment charged a different statement from the one proved at trial. Viewed in the light most favorable to the government, however, a reasonable trier of fact could find the essential elements beyond a reasonable doubt. The evidence shows that Nikkhah instructed Michael Persaud to submit reports to the United States Navy which identified Turkan Moinizand as the person analyzing air samples for asbestos, but she

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

** Honorable Jane A. Restani, United States Court of International Trade Judge, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

did not analyze those samples. Thus, it is immaterial that Nikkhah was in the Philippines when Persuad actually submitted the reports. Nikkhah admitted that he knew the reports had Moinizand's name on them, and the jury could find that he deliberately procured Persuad to submit them because he knew the Navy required that only AAR registered analysts perform testing. The evidence was uncontroverted that Moinizand was AAR registered while neither Nikkah nor Persuad was. Nikkah maintains that the reports proven at trial do not falsely state that Moinizand was the "sample analyst," but rather the "Laboratory Technician;" however, three construction managers from the Navy and Nikkah himself testified that Moinizand's name was on the reports as the "analyst." The jury could find that the people involved used "sample analyst" and "laboratory technician interchangeably." And the evidence shows that falsely stating that the sample analyst was AAR registered was material to the Navy (whether or not it was to the prince contractor), because the Navy wanted qualified analysts performing work on its contracts. *United States v. Facchini*, 874 F.2d 638 (9th Cir.1989) (en banc). There was no variance between the indictment and proof with respect to this charge. Nor was there a double variance, as Nikkah seems to contend, on account of the indictment charging that the analyst was falsely represented to be AAR registered while the proof showed that the reports had her true AIHA registration number. The indictment charges only the single false statement. *Cf. United States v. Talkington*, 589 F.2d 415 (9th Cir.1978) (indictment charged five false statements but only two related to requirements for obtaining exemption from licensing).

AFFIRMED.